**CADDEO v. McGRANERY,**
**Attorney General, et al.**

**No. 11374.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 4, 1952.

Decided Jan. 15, 1953.

Josephus C. Trimble, with whom William
J. Byrne, Washington, D. C., was on the
brief, for appellant.

Joseph M. Howard, Asst. U. S. Atty.,
Washington, D. C., with whom Charles M.
Irelan, U. S. Atty., and Ross O'Donoghue,
Asst. U. S. Atty., Washington, D. C., were
on the brief, for appellees.

William E. Kirk, Jr., Asst. U. S. Atty.,
Washington, D. C., also entered an appear-
ance in behalf of the appellees.

Before CLARK, PRETTYMAN and
PROCTOR, Circuit Judges.

PROCTOR, Circuit Judge.

Appellant sought declaratory and injunc-
tive relief in the District Court. His com-
plaint alleged that he was a national of
Italy, of good moral character, who law-
fully entered the United States in 1927,
remained more than seven years until 1935,
then left under an order of voluntary de-
parture, lawfully entered again in July,
1947, and ever since has resided in this
country. The complainant further alleged
that upon the basis of the foregoing facts
he applied to the immigration authorities
to suspend an order of deportation, which
had been issued against him, basing the ap-
plication upon § 19(c) of the Immigration
Act of 1917, c. 29, 39 Stat. 889, as amended
July 1, 1948, c. 783, 62 Stat. 1206, 8 U.S.
C.A. § 155(c). The pertinent provisions
of the Act are:

> "In the case of any alien * * *
> who is deportable * * * and who
> has proved good moral character
> * * * the Attorney General may
> * * * suspend deportation of such
> alien if he is not ineligible for natural-
> ization * * * if he finds * * *
> (b) that such alien has resided continu-
> ously in the United States for seven
> years or more and is residing in the
> United States upon July 1, 1948.
> * * * "

Caddeo also alleged that the application
was denied, although his good moral char-
acter, his seven years continuous residence
in the United States and his residence
therein on July 1, 1948, the effective date
of said Act, were admitted. Upon this state
of facts he contended in the District Court,
as he does here, that he is entitled under
the statute to the suspension order; that
the appellees had no authority to refuse it.
However, the District Court granted a mo-
tion to dismiss the complaint for failure to
state a cause of action. This, we think, was
correct, in view of the absence of any al-
legation that discretion was not exercised
or had been abused. For we have no doubt
that the authority to grant suspension is dis-
cretionary. In reaching our decision, we
have assumed, without deciding, that Cad-
deo's seven years uninterrupted residence

in this country until 1935 met the statutory requirement for continuous residence.[1]

We note that there was also before the court an alternative motion for summary judgment, supported by undisputed allegations of fact indicating that refusal to suspend the deportation order was the result of judgment and discretion based upon material facts in addition to those recited in the complaint.

Affirmed.

---

1. This was Caddeo's contention, in support of which he relies on de Koning v. Zimmerman, D.C. E.D.Pa.1950, 89 F. Supp. 891.