Nicolaos **HATZISTAVROU**, also known as **Nickolas Hatzistavrou**, Appellant,

v.

Herbert **BROWNELL, Jr.**, Attorney General of the United States, Appellee.

No. 12631.

United States Court of Appeals District of Columbia Circuit.

Argued May 5, 1955.

Decided June 16, 1955.

Mr. Joseph J. Lyman, Washington, D. C., for appellant.

Mr. Joseph M. F. Ryan, Jr., Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellee.

Before WILBUR K. MILLER, FAHY and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

Appellant, a citizen of Greece, entered the United States under a seaman's passport in February 1945 and resided continuously in this country thereafter until he was arrested on September 23, 1952 on a warrant charging that he had overstayed his visit under the terms of his visa. On December 2, 1952, appellant, on an application form not of record here, asked the Attorney General to suspend deportation. Such relief is authorized under § 19(c) of the Immigration Act of 1917, as amended 8 U.S.C. § 155 (c) (1946 Supp. V), 39 Stat. 889. After a hearing on January 9, 1953 an Immigration inquiry officer concluded that appellant was an immigrant not in possession of a valid immigration visa, was not exempted from the presentation of one, and that: "There was no valid application in this case for suspension of deportation under the Immigration Act of 1917, as amended." After an order that appellant voluntarily depart or, for failure, that he be deported on April 8, 1955, appellant on March 31, 1955 filed an action seeking declaratory judgment and for review under the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., and also filed, simultaneously, a motion for a temporary restraining order.

The trial judge considered the complaint, the application for the temporary restraining order and its supporting affidavit, no answer having been filed, and, after hearing, found that appellant had been denied a suspension of deportation but had been granted the privilege of voluntary departure, and that appellant had been held deportable "for the reason that he was not in possession of a valid immigration visa." The trial judge made conclusions of law that the Attorney General had exercised his discretion in that "the alternative discretionary relief of voluntary departure was granted" on the authority of Brownell v. Rasmussen, 95 U.S.App.D.C. ——, 221 F.2d 541, that "only in a habeas corpus proceeding does this Court possess jurisdiction to review an order of deportation of an alien who does not claim American citizenship"; that jurisdiction under the Administrative Procedure Act or the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, had not been established, and, in any event, that the appellant had failed to set forth allegations, supported by oath, of a cogency which would warrant the issuance of a temporary restraining order. From the order denying appellant's motion for a restraining order entered on April 5, 1955, this appeal was taken.

The trial judge in early April could hardly know of the impending decision in Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, decided April 25, 1955, where the Supreme Court disposed of the jurisdictional problem. The majority pointed out that Heikkila v. Barber, 1953, 345 U.S. 229, 73 S.Ct. 603, 97 L.Ed. 972, like the cases cited therein, had found dispositive the word "final" as used in § 19(a) of the Immigration Act of 1917. But the Heikkila case, unlike the Pedreiro case, dealt with a deportation order under the Immigration Act of 1917. The Court noted that although the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1101 et seq., also provides that deportation orders of the Attorney General shall be "final," "It is more in harmony with the generous review provisions of the Administrative Procedure Act to construe the ambiguous word 'final,' in the 1952 Immigration Act as referring to finality in administrative procedure rather than as cutting off the right of judicial review in whole or in part. And it would certainly not be in keeping with either of these Acts to require a person ordered deported to go to jail in order to obtain review by a court." Id., 349 U.S. at page 51, 75 S.Ct.

at page 594. The Court could scarcely have been more definite than when it said a little farther on, Id., 349 U.S. at page 52, 75 S.Ct. at page 594: "Our holding is that there is a right of judicial review of deportation orders other than by habeas corpus and that the remedy sought here is an appropriate one."

The Government commendably and frankly recognized that the Pedreiro decision markedly alters the posture of the case, especially since the order of deportation here was entered under the 1952 Act. Yet it is argued that the Attorney General's discretion had been exercised and exhausted when he entered his order permitting voluntary departure by the alien. Certainly this results in a measure of relief in that the past illegal presence of the alien appellant will not be held against him if he shall later make application to enter the country under a normal quota. But appellant insists that he is entitled to have the Attorney General exercise his discretion as to the prayer for suspension of deportation. He says, in effect, that the Attorney General may properly decide that appellant need not leave the country at all. Perhaps he is right, but we cannot possibly tell with finality for we do not know upon what grounds the Immigration inquiry officer concluded that there "was no valid application in this case for suspension of deportation * * *." In aid of our appellate function we should be informed as to the factors relied upon for the conclusion of invalidity or as to the deficiencies which predicated a finding that "no valid application" was presented.

In short, we say this much, that appellant is entitled to have the record disclose the fact, if it is a fact, that the Attorney General actually exercised his discretion as to the prayer for suspension of deportation.[1] For all we know, the Attorney General, when he files his answer, or otherwise, may make an adequate showing that he considered the grounds open to him as a predicate for possible action but found that appellant could not meet the required conditions. For now, it will suffice for us to set aside the order of the District Court and to direct that a preliminary injunction be issued restraining deportation of the appellant pending disposition of the complaint on its merits.

Remanded for further proceedings.

1. Cf. Marcello v. Bonds, 75 S.Ct. 757.