**SHINTARO MIYAGI, Appellant,**

v.

**Herbert BROWNELL, Jr., Attorney General of the United States, Appellee.**

**No. 12492.**

United States Court of Appeals District of Columbia Circuit.

Argued April 15, 1955.

Decided Oct. 13, 1955.

---

2. So was the Rubinstein deportation order.

3. The Court distinguished McGrath v. ■

Kristensen, 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173.

Mr. David Carliner, Washington, D. C., with whom Messrs. Jack Wasserman and Irving N. Tranen, Washington, D. C., were on the brief, for appellant.

Mr. Lewis Carroll, Asst. U. S. Atty., with whom Mr. Leo A. Rover, U. S. Atty., Miss Catherine B. Kelly, Asst. U. S. Atty., and Mr. Albert E. Reitzel, Asst. Gen. Counsel, Immigration and Naturalization Service, were on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER, and FAHY, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant's complaint for review and a declaratory judgment, filed in 1954, alleges among other things that he entered the United States without a visa in 1926 and has been here ever since; that deportation proceedings on the ground of illegal entry were begun in 1945, hearings were held in 1945 and 1953, and a final order of deportation was issued; that the hearing in 1953 was conducted "pursuant to" the 1952 Immigration and Nationality Act and not the 1917 Immigration Act; that suspension of deportation was denied primarily because appellant has no family ties in the United States, despite a finding that he is of

good moral character; and that the Attorney General failed to make appropriate findings.

The Attorney General moved to dismiss the complaint on two grounds, that it "fails to state a cause of action" and that "this court lacks jurisdiction over the subject matter". The court granted the motion to dismiss without saying why it did so. For all that appears, it may have disagreed with the contention that it lacked jurisdiction and agreed with the contention that the complaint failed to state a cause of action. We think both contentions erroneous.

█ Since the suit was filed after the 1952 Act took effect, judicial review of the deportation order and of the refusal to suspend it is not restricted to habeas corpus. Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591; Muscardin v. Brownell, 97 U.S.App.D.C. ——, 227 F.2d 31. It follows that the court had jurisdiction.

█ The complaint states a cause of action. Section 19(c) of the 1917 Act, as amended in 1948, 62 Stat. 1206, 8 U.S.C. (1946 ed., Supp. V) § 155(c) (2) (b), authorized the Attorney General to suspend deportation of a deportable alien who has "resided continuously in the United States for seven years or more and is residing in the United States upon July 1, 1948." It fairly appears from the complaint that the Attorney General did not exercise his discretion under this statute, but "pursuant to" the more stringent provisions of the 1952 Act, which require a showing of "exceptional and extremely unusual hardship". § 244(a) (1), 66 Stat. 214, 8 U.S.C.A. § 1254(a) (1).[1]

██ The savings clause of the 1952 Act, § 405(a), 66 Stat. 280, 8 U.S.C. p. 734 [8 U.S.C.A. § 1101 note] provides that the Act shall not affect any proceedings brought at the time it takes effect, and that an application for suspension of deportation shall be regarded as a proceeding. If appellant had formally applied for suspension before the 1952 Act was enacted, it would clearly have been necessary, even after it took effect, for the Attorney General to exercise the discretion allowed him by the 1917 Act as amended. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 261, note, 74 S.Ct. 499, 98 L.Ed. 681; Hatzistavrou v. Brownell, 96 U.S.App.D.C. 187, 225 F.2d 26. No formal application for "suspension" of deportation was filed until later, but appellant had filed a motion for "reconsideration". In 1950, in consequence of this motion, the original order and warrant of deportation were withdrawn and the hearing was "reopened for the reception of such application for relief from deportation as may be made and for further appropriate proceedings in connection therewith." We think the savings clause applies to the proceedings thus reopened. The whole development of the savings clause "manifests a well-established congressional policy not to strip aliens of advantages gained under prior laws. The consistent broadening of the savings provision, particularly in its general terminology, indicates that this policy of preservation was intended to apply to matters both within and without the specific contemplation of Congress." United States v. Menasche, 348 U.S. 528, 535, 75 S.Ct. 513, 518. Accordingly the Attorney General should exercise the discretion allowed him by the 1917 Act as amended.

Reversed.

---

1. In Caddeo v. McGranery, 92 U.S.App.D. C. 19, 202 F.2d 807, it did not appear from the complaint that discretion had not been exercised or had been abused.