Constantinos Makris TRILIVAS, Appellant,

v.

Herbert BROWNELL, Jr., Attorney General of the United States, Appellee.

No. 12373.

United States Court of Appeals District of Columbia Circuit.

Argued April 18, 1955.

Decided Oct. 13, 1955.

Mr. Joseph J. Lyman, Washington, D. C., for appellant.

Mr. Lewis Carroll, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., George E. Hamilton, III, Asst. U. S. Atty., and Albert E. Reitzel, Asst. Gen. Counsel, Immigration and Naturalization Service, were on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER, and FAHY, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant entered the United States lawfully as a seaman in 1948 and has been here ever since. In 1954 he filed his complaint for a declaratory judgment and for review under the Administrative Procedure Act [5 U.S.C.A. § 1001 et seq.] of the Attorney General's refusal to suspend a deportation order. The complaint alleges that the Attorney General failed to exercise the discretion vested in him by law. It alleges that deportation would result in serious economic detriment "to citizens of the United States who are appellant's adoptive parents."

Section 19(c) of the Immigration Act of 1917, as amended in 1948, authorizes the Attorney General to suspend deportation if he finds that it "would result in serious economic detriment to a citizen * * * who is the spouse, parent, or minor child" of the alien. 62 Stat. 1206, 8 U.S.C. (1946 ed., Supp. V) § 155(c) (2) (a).

The warrant of arrest for deportation was issued in 1950 and hearings were held. The complaint does not say when the deportation order was issued. The order provided that unless appellant "voluntarily" left the United States by May 1, 1954, he would be taken into custody and deported. The government informed us in oral argument that application for suspension was pending when the 1952 Act [8 U.S.C.A. § 1101 et seq.] was passed.

▌ The District Court dismissed the complaint on the grounds that habeas corpus was appellant's only remedy and that the complaint failed to state a claim upon which relief could be granted. Since the court said in substance that it lacked jurisdiction, it cannot have intended to rule on any other question. We think the court had jurisdiction. Shintaro Miyagi v. Brownell, 97 U.S. App.D.C. ——, 227 F.2d 33, and cases cited.

Reversed.