Demitrios Costas **MELACHRINOS,**
Appellant,

v.

Herbert **BROWNELL,** Jr., Attorney
General of the United States,
Appellee.

No. 12961.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 11, 1956.

Decided Feb. 2, 1956.

Mr. Joseph J. Lyman, Washington,
D. C., for appellant.

Mr. John W. Kern, III, Asst. U. S.
Atty., with whom Messrs. Leo A. Rover,
U. S. Atty., Lewis Carroll, and Mrs.
Kitty B. Frank, Asst. U. S. Attys., were
on the brief, for appellee. Mr. Milton
Eisenberg, Asst. U. S. Atty., also en-
tered an appearance for appellee.

Before PRETTYMAN, DANAHER
and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

Appellant (plaintiff) appeals from a
judgment of the District Court entered
against him on motion for summary
judgment.

Appellant filed this proceeding for de-
claratory judgment and review of a de-
portation order. He is an alien; en-
tered the United States on June 29, 1944,
as a seaman; and it is conceded that he
is here illegally. He was taken into

custody in 1952 under a warrant for deportation, on the ground that at the time of his entry into the United States he did not possess a valid immigration visa. Following his arrest appellant was given an administrative hearing. He was found deportable under the Immigration Act of 1924 in that he failed to be in possession of a valid immigration visa. Appellant thereupon filed an application for suspension of deportation, under Section 19(c)(2)(b) of the Immigration Act of 1917, as amended.[1] The Hearing Examiner found that appellant had been a person of good moral character for the preceding five years; that he had resided continuously in the United States more than seven years; and that he was in the United States on July 1, 1948. He further found that while the appellant met the minimum statutory requirements so far as eligibility for suspension of deportation was concerned, suspension of deportation was not warranted. The Examiner found, among other things, that appellant had no close family ties in the United States and that he had not established roots here; that his wife, two children and six brothers reside in Greece; and that he owns his own home in that country. Holding as a matter of law that suspension of deportation is a form of relief which is discretionary in its nature and cannot be claimed as a matter of right, and that in this particular case suspension of deportation is not warranted, he further held that appellant would be permitted to make a voluntary departure in lieu of deportation. Appellant duly appealed to the Board of Immigration Appeals from the Examiner's final order, which Board affirmed the Hearing Examiner.

"Notwithstanding the fact that this alien meets the residential requirements for suspension of deportation under Section 19(c)(2)(b) of the Immigration Act of 1917, as amended, the facts and circumstances in the case do not warrant the granting of that relief. We have carefully examined the evidence relating to the request for suspension of deportation, in connection with the points argued by counsel, and we find that voluntary departure is the maximum relief that should be granted. The appeal will be dismissed." (Appellee's brief, p. 2)

Thereupon appellant filed the instant action and, on October 28, 1955, the District Court granted appellee's (defendant's) motion for summary judgment, concluding:

"1. The plaintiff is as a matter of law deportable from the United States.

"2. The denial of plaintiff's application for suspension of deportation was made in the proper exercise of the administrative discretion vested in the defendant."

█ This appeal followed.

Both from a plain reading of the statute and from its legislative history,[2]

---

1. "(c) In the case of any alien * * * who is deportable under any law of the United States and who has proved good moral character for the preceding five years, the Attorney General may * * (2) suspend deportation of such alien if he is not ineligible for naturalization or if ineligible, such ineligibility is solely by reason of his race, if he finds (a) that such deportation would result in serious economic detriment to a citizen or legally resident alien who is the spouse, parent, or minor child of such deportable alien; or (b) that such alien has resided continuously in the United States for seven years or more and is residing in the United States upon July 1, 1948." As amended July 1, 1948, ch. 783, 62 Stat. 1206. Now Immigration and Nationality Act, § 244(a) (1, 2), 8 U.S. C.A. § 1254(a) (1, 2).

2. Senate Report No. 1204, 80th Cong., 2d Sess. (1948): "The bill, as amended, has a twofold purpose: (1) to enlarge the class of deportable aliens who are eligible for suspension of deportation in the discretion of the Attorney General, * * *

"It is the information of the committee that there are a number of worthy cases in which persons, deportable on

it is clear that the section quoted in note 1, supra, is for the purpose of allowing the Attorney General to exercise his discretion to determine whether or not suspension of deportation should be granted.

We think that the language of the Second Circuit in United States ex rel. Kaloudis v. Shaughnessy, 2 Cir., 1950, 180 F.2d 489, 491 is particularly appropriate:

> "The power of the Attorney General to suspend deportation is a dispensing power, like a judge's power to suspend the execution of a sentence, or the President's to pardon a convict. It is a matter of grace, over which courts have no review, unless—as we are assuming—it affirmatively appears that the denial has been actuated by considerations that Congress could not have intended to make relevant."

Certainly, in this case it does not affirmatively, or otherwise, appear that suspension of appellant's deportation was actuated by "considerations that Congress could not have intended to make relevant." Appellant urges that the administrative agency's decision denying the application for suspension primarily on the ground that he had no family ties in the United States was based on an erroneous construction of Section 19(c)(2)(b) of the Immigration Act of 1917, as amended. He overlooks the finding of lack of roots in this country. Be this as it may, however, we believe that appellant has misconstrued the legislative intent.

The act of June 28, 1940, ch. 439, Title II, § 20, provided that in the case of an alien who is deportable under any law of the United States and who has proved good moral character for the preceding five years, the Attorney General *may* permit such alien to depart the United States to any country of his choice at his own expense, in lieu of deportation, "or suspend deportation of such alien if he is not ineligible for naturalization * * * if he finds (a) that such deportation would result in serious economic detriment to a citizen or legally resident alien who is the spouse, parent, or minor child of such deportable alien * * *."

Realizing that there were a number of worthy cases in which persons deportable on technical grounds have lived in the United States for many years but have no close family ties so as to enable them to become eligible for discretionary relief on the basis of "serious economic detriment to a citizen or legally resident alien who is the spouse, parent, or minor child" of such person, and because there have been private bills enacted to adjust the status of certain deportable aliens who were in that category, Congress passed the act of July 1, 1948, quoted in part in note 1, supra.

From this, and particularly in view of paragraph (2)(b), appellant argues in effect that close family ties and, presumably, lack of roots are not to be considered.

We do not agree. It seems to us that one element to be determined by the Attorney General in weighing the question as to whether or not his discretion should be exercised is whether, if at all, the alien has during his residence here become a part of this country, with his roots firmly fixed herein. Mere residence and good moral character alone may not be sufficient.

technicable grounds, have lived in the United States for many years, but have no close family ties so as to enable them to become eligible for discretionary relief on the basis of serious economic detriment to a citizen or legally resident alien, who is the spouse, parent, or minor child of such persons. The committee has already considered and recom-

mended the enactment of private bills to adjust the immigration status of certain deportable aliens who are in this general category. It is only just that other persons in this category who have not been favored by the introduction of private bills should have their cases considered for relief."

It is important to bear in mind that when the Attorney General does exercise his discretion in favor of an alien who is here illegally this reduces by such admission the immigration quota of that alien's nationality and might very well result in exclusion of an alien who wished to come here legally, with the intention of making this his permanent home and establishing here close family ties and of fixing permanent roots in the United States.

■■ Under all the evidence, we cannot say that the Attorney General's denial was arbitrary or capricious or that he abused the discretion vested in him; and, unless there is a clear showing of such abuse, we have no power to interfere. See Caddeo v. McGranery, 1953, 92 U.S.App.D.C. 19, 202 F.2d 807. We think it clear that the Attorney General properly and in fact exercised his discretion as to the request for suspension of deportation, and has fully performed his duty as required by the act and by our decision in Hatzistavrou v. Brownell, 96 U.S.App.D.C. 187, 225 F.2d 26.

The judgment of the District Court is Affirmed.