**Ioannis VICHOS, Appellant,**

v.

**Herbert BROWNELL, Jr., Attorney General of the United States,
Appellee.**

**No. 12994.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 11, 1956.

Decided Feb. 2, 1956.

Mr. Joseph J. Lyman, Washington, D. C., for appellant.

Mr. John W. Kern, III, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., Lewis Carroll and William F. Becker, Asst. U. S. Attys., were on the brief, for appellee. Mr. Milton Eisen-

berg, Asst. U. S. Atty., also entered an appearance for appellee.

Before PRETTYMAN, DANAHER and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

Appellant (plaintiff) is a native and citizen of Greece. He was admitted into the United States in Philadelphia in February 1942 as a seaman and, although his entry was lawful, he remained in this country beyond the period allowed by his seaman's immigration visa. He was arrested in March 1953 for deportation, on the ground that he was presently within the United States without a valid immigration visa. His deportability is not contested, but he applied for suspension of deportation or for the privilege of voluntary departure, under Section 244(a) (1) of the Immigration and Nationality Act of 1952.[1]

Hearings were duly had by the Special Inquiry Officer of the Immigration and Naturalization Service, who found that the appellant was in this country unlawfully; that he had been and was a person of good moral character; that he had never been arrested or had any subversive affiliations; that his wife and some cousins resided in Greece and that from time to time he sent his wife whatever money was available for support; that a cousin of his lives in the United States to whom he contributes support but who is not dependent upon the appellant for support; that he works as a cook, earning about $53.00 a week and has total assets of about $2,000.00; that he had been physically present in the United States for a period of over seven years preceding the date of the application for suspension of deportation.

Appellant contended that it would be an exceptional and extremely unusual hardship if he were deported in that he would not be able to support himself and wife adequately in Greece. The Special Inquiry Officer found as follows:

"There is no other evidence to establish hardship if the respondent were deported from the United States other than his unsupported statement that he cannot adequately support himself and his wife. It is not believed that the evidence justifies a finding that the respondent's deportation would result in an exceptional and extremely unusual hardship such as that which is required in Section 244(a) of the Immigration and Nationality Act. Even if it should be found that the respondent has established statutory eligibility for the privilege of suspension of deportation which he has requested, as a matter of discretion this relief should be denied to him. The respondent knowing of the need for allied seamen did not return to the sea when he was physically able to do so as a matter of whimsy on his part. The respondent has no close ties in the United States and there is no merit to his application separate and apart from such merit as exists from mere physical presence in the United States. In view of the fact he has failed to establish exceptional and extremely unusual hardship, and in view of the fact if even he be found to have established statutory eligibility, the facts in this case do no warrant the exercise of discretionary relief which he seeks, suspension of deportation will be denied to him. Since, however, he has established statutory eligibility for the privilege of voluntary departure in lieu of deportation and since he has resided in the United States for a fairly considerable number of years and states that if granted the privilege of voluntary departure, he may, perhaps, in the future return as a seaman and seek shore leave, and since he has stated if he so returns he will not again illegally remain in the United States, it is believed he should be granted the privilege of

---

1. 8 U.S.C.A. § 1254(a) (1).

voluntary departure for which he has established statutory eligibility."

Thereafter appellant appealed to the Board of Immigration Appeals, which held that the case did not warrant suspension of deportation, but granted the privilege of voluntary departure. Thereupon the instant action was filed and, on November 14, 1955, the District Court granted appellee's motion for summary judgment. This appeal followed.

We believe that it cannot be said that the action of the Attorney General in holding that deportation would not result in exceptional and extremely unusual hardship to appellant was erroneous, or arbitrary or capricious. Assuming *arguendo* that such hardship had been established, the action of the Attorney General in refusing suspension of deportation was well within his statutory discretion. See Asikese v. Brownell, 97 U. S.App.D.C. ——, 230 F.2d 34.

Affirmed.