**Hugo ANDERSON, Plaintiff-Appellant,**

v.

**Ralph H. HOLTON, as District Director, Defendant-Appellee.**

**No. 11879.**

United States Court of Appeals
Seventh Circuit.
April 4, 1957.

Sydney B. Wexler, Morris J. Wexler and J. Lester Fink, Chicago, Ill., for plaintiff-appellant.

Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before Duffy, Chief Judge, and FINNEGAN and LINDLEY, Circuit Judges.

FINNEGAN, Circuit Judge.

In this appeal we are examining a single question narrowed by the briefs. Anderson, plaintiff, brought the proceeding below against the District Director to test the validity of a deportation order directed to plaintiff, and that order survived judicial examination. But Anderson takes issue with the district judge's view "that suspension of deportation is a statutory privilege within the discretion of the Attorney General of the United States, that is 'Agency action by law committed to agency discretion,' and which accordingly, was not available for review under 5 U.S.C. § 1009." While Anderson obtained a review of all other matters underlying the deportation order, he wanted the district court to pass upon the hearing officer's finding of non-eligibility for discretionary relief for the reason that "Having been found 'statutorily ineligible' to apply for suspension, he (Anderson) was deprived of the Attorney General's exercise of his discretion."

In explanation of his contention Anderson begins with the finding by the Special Inquiry Officer that he (plaintiff) was statutorily ineligible to apply for discretionary relief. From that premise plaintiff contends that a finding of "statutory ineligibility to be considered for suspension is part of the order of deportation and is judicially reviewable." But to understand the central issue it is necessary to have a grasp of the opinion reported as Jay v. Boyd, 1956, 351 U.S. 345, 351, 76 S.Ct. 919, 923, 100 L.Ed. 1242, which summarizes, one phase at least, of the situation before us: "There is no express statutory grant of any right to a hearing on an application to the Attorney General for discretionary suspension of deportation. For purposes of effectuating these statutory provisions, the Attorney General adopted regulations delegating his authority under § 244 of the Act [66 Stat. 173, 8 U.S.C.A. §§ 1103, 1254] to special inquiry officers; giving the alien the right to apply for suspension during a deportation hearing; [8 CFR, Rev. 1952, § 242, 54(d)] putting the burden on the applicant to establish the statutory requirement for eligibility for suspension * * *."

Mr. Justice Reed, writing for the majority in Jay v. Boyd, 1956, 351 U.S. 345, 353, 76 S.Ct. 919, 924 commented on the exercise of discretion to suspend deportation, in these terms:

"Eligibility for the relief here involved is governed by specific statutory standards which provide a right to a ruling on an applicant's eligibility. However, Congress did not provide statutory standards for determining who, among qualified applicants for suspension, should receive the ultimate relief. That determination is left to the sound discretion of the Attorney General. The statute says that, as to qualified deportable aliens, the Attorney General 'may, in his discretion' suspend deportation."

Jay v. Boyd, 1956, 351 U.S. 345, 76 S.Ct. 919, impressively attests to the unfettered discretion granted the Attorney General by § 244 of the Immigration and Nationality Act of 1952, 66 Stat. 215, 8 U.S.C.A. § 1254. Because Congress went on to confide such discretion in the Attorney General we think an instance of judicially nonreviewable administrative discretion arises under § 10 of the Administrative Procedure Act, 60 Stat. 243, 5 U.S.C.A. § 1009 providing:

"Except so far as * * * (2) agency action is by law committed to agency discretion * * *

"(e) Scope of Review.—So far as necessary to decision and where presented the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of any agency action. It shall (A) compel agency action unlawfully withheld or unreasonably delayed; and (B) hold unlawful and set aside agency action, findings, and conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; (5) unsupported by substantial evidence in any case subject to the requirements of sections 7 and 8 or otherwise reviewed on the record of an agency hearing provided by statute; or (6) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court. In making the foregoing determinations the court shall review the whole record or such portions thereof as may be cited by any party, and due account shall be taken of the rule of prejudicial error."

To be sure § 10 contains indwelling interpretative problems. See e. g. Davis, Administrative Law, 842–843 (1951). Yet careful examination of the record made before the Special Inquiry Officer precludes any basis for the point raised on Anderson's behalf. We think the trial judge rightly abstained from reviewing the decision regarding non-eligibility made by the Special Inquiry Officer as the Attorney General's delegate. United States ex rel. Ciannamea v. Neely, 7 Cir., 1953, 202 F.2d 289.

Compare: United States ex rel. Hintopoulos v. Shaughnessy, 77 S.Ct. 618. Factual and procedural dissimilarities found in Hatzistavrou v. Brownell, 1955, 96 U.S.App.D.C. 187, 225 F.2d 26 combine in making that opinion inapposite despite plaintiff's reliance on it.

The order entered February 10, 1956 and the final decree as amended June 5, 1956, brought up to this court for review are affirmed.

Judgment affirmed.

DUFFY, Chief Judge, concurs in the result.