279 F.2d 207
 KAM NG, also known as Jimmy Eng, Plaintiff-Appellant,
v.
Alva L. PILLIOD, District Director, Chicago District, United
States Department of Justice, Immigration and
Naturalization Service, Defendant-Appellee.
 No. 12875.
 United States Court of Appeals Seventh Circuit.
 June 16, 1960, Rehearing Denied July 22, 1960.
 
 1
 William Greenhouse, Chicago, Ill., for appellant.
 
 
 2
 Robert Tieken, U.S. Atty., Elner M. Walsh, Jr., John Peter Lulinski, Asst. U.S. Attys., Chicago, Ill., of counsel, for appellee.
 
 
 3
 Before DUFFY and KNOCH, Circuit Judges, and GRUBB, District Judge.
 
 
 4
 GRUBB, District Judge.
 
 
 5
 This is an appeal from an order granting defendant's motion for summary judgment in an action to review the orders of the Immigration and Naturalization Service denying appellant's applications for suspension and withholding of deportation.
 
 
 6
 Appellant, Kam Ng. is a thirty-three year old single male alien who was born in China. He entered the United States as a seaman in 1943 and has since resided in Chicago, Illinois. His parents and a married younger brother live in Hong Kong.
 
 
 7
 In September, 1957, the Immigration and Naturalization Service issued an order to show cause why appellant should not be deported. Appellant then filed an application for suspension of deportation under Section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C.A. 1254(a)(1). After hearing on the application, the Special Inquiry Officer ordered suspension of deportation. In reaching the conclusion that Kam Ng would suffer exceptional and extremely unusual hardship if deported, the Officer relied on appellant's testimony that he would be persecuted in China for his anti-communist beliefs and that he had no place to go. The Special Inquiry Officer further ordered that Kam Ng be granted voluntary departure if Congress[1] did not concur in suspending deportation.
 
 
 8
 The Regional Commissioner who reviewed the case did not concur in the granting of suspension of deportation and ordered the matter certified to the Board of Immigration Appeals. The Board reversed the decision of the Special Inquiry Officer and ordered appellant deported on the charge contained in the order to show cause. Upon consideration of the entire evidence of record, the Board concluded that there was an insufficient showing of hardship to warrant the granting of the extraordinary relief of suspension of deportation where a deportable alien was not married, had no close relatives in the United States, and could return to Hong Kong where his parents resided. With respect to appellant's claim of physical persecution if he were deported to China, the Board stated that he had an adequate remedy under Section 243(h) of the Act providing for withholding of deportation.
 
 
 9
 Appellant's application to withhold deportation under Section 243(h) of the Act, and, in the alternative, for voluntary departure, followed. On recommendation of the Special Inquiry Officer who conducted the hearing on the application, the request for stay of deportation was denied by the Regional Commissioner on the ground that appellant's belief that he would be returned to the Chinese mainland if he were deported to Hong Kong was unsupported by the evidence. The Regional Commissioner stated that the British Consulate General in Chicago had received authority to issue appellant an entry visa to Hong Kong and concluded that there was no reason to believe that appellant's status in Hong Kong 'will be anything less than a permanent resident.'
 
 
 10
 On June 24, 1959, appellant commenced this action in the district court, alleging that the water shortage and water rationing in Hong Kong would endanger his health because of his kidney condition and that his deportation to any country after sixteen years of law-abiding residence in the United States would constitute exceptional and extremely unusual hardship. The district court granted the motion for summary judgment on the grounds that appellant had been accorded procedural due process and fair consideration by the Attorney General or his representatives and that the denial of suspension and of withholding of deportation was not an abuse of discretion as shown by the entire record, including the certified record of the administrative proceedings.
 
 
 11
 The argument advanced on this appeal is twofold: (1) The complaint states facts upon which some relief should have been granted, and (2) the denial of relief by the administrative agency was arbitrary and capricious because the Immigration and Naturalization Service publicly invited and encouraged Chinese aliens to come forward voluntarily to adjust their status under the Chines 'confession' program, and also because the Special Inquiry Officer who heard the application for suspension of deportation had recommended that relief be granted.
 
 
 12
 Section 244(a)(1) of the Act authorizes the Attorney General to suspend deportation of an alien of good moral character who has been physically present in the United States for not less than seven years preceding the application and 'whose deportation would, in the opinion of the Attorney General, result in exceptional and extremely unusual hardship to the alien * * *.' Section 243(h) authorizes the Attorney General to withhold deportation of any alien within the United States to any country in which, in the opinion of the Attorney General, the alien would be subject to physical persecution.
 
 
 13
 The granting of the relief provided by these sections lies within administrative discretion and grace. United States ex rel. Hintopoulos v. Shaughnessy, 1957, 353 U.S. 72, 77 S.Ct. 618, 1 L.Ed.2d 652; Tadashi Miyaki v. Robinson, 7 Cir., 1958, 257 F.2d 806, certiorari denied 358 U.S. 894, 79 S.Ct. 155, 3 L.Ed.2d 120. Judicial review of discretionary administrative action is limited to the questions whether the applicant has been accorded procedural due process and whether the decision has been reached in accordance with applicable rules of law. Furthermore, the inquiry goes to the question whether or not there has been an exercise of administrative discretion and, if so, whether or not the manner of exercise has been arbitrary or capricious. See Administrative Procedure Act, Title 5 U.S.C.A., 1009(e), Judicial review of agency action-- Scope of review; and Anderson v. Holton, 7 Cir., 1957, 242 F.2d 596.
 
 
 14
 The district court found, and the record so shows, that appellant has had a fair opportunity to present his case in all administrative proceedings pursuant to regulations implementing the statutes under which relief was sought. See 8 C.F.R., Rev. 1958, Sections 244.2, 242, and 6.1(c) with respect to Section 244(a)(1) of the Act; and 8 C.F.R., Rev. 1958, Section 243.3(b)(2) as to Section 243(h).
 
 
 15
 Lack of family ties and failure to establish other roots in the United States during a residence of approximately seventeen years are sufficient grounds for the conclusion that there is insufficient showing of hardship to warrant suspension of deportation. See Melachrinos v. Brownell, 1956, 97 U.S.App.D.C. 229, 230 F.2d 42. Mere economic detriment to the applicant or his relatives residing out of the country is not controlling on this question. See Vichos v. Brownell, 1956, 97 U.S.App.D.C. 232, 230 F.2d 45. A finding that the evidence does not support the allegation of physical persecution on deportation supports denial of withholding of deportation. Where the grounds relied on by the Attorney General, or his representative, appear sufficient upon their face, the court cannot substitute its judgment for that of the official to whose discretion the matter has been entrusted by Congress, and the charge of arbitrariness cannot stand. Jay v. Boyd, 1956,351 U.S. 345, 76 S.Ct. 919, 100 L.Ed. 1242. It cannot be said that Congress could not have intended to make the considerations relied upon here relevant to the questions of suspension or withholding of deportation of aliens. See United States ex rel. Kaloudis v. Shaughnessy, 2 Cir., 1950, 180 F.2d 489.
 
 
 16
 The burden of proving eligibility for the descretionary grant of relief is on the applicant in these proceedings. See United States ex rel. Exarchou v. Murff, 2 Cir., 1959, 265 F.2d 504. The order of the Special Inquiry Officer granting the relief of suspension of deportation based on appellant's testimony that he would be physically persecuted if deported to China does not serve to shift the burden to the administrative agency to show that there is not the required hardship in denying suspension in a subsequent administrative review. Policy and regulations governing the proceedings contemplate concurrence by the Regional Commissioner in decisions of Special Inquiry Officers and certification to the Board of Immigration Appeals in instances where the Regional Commissioner does not approve. See 8 C.F.R., Section 6.1(c), creating appellate jurisdiction diction in the Board on certification by the Regional Commissioner of deportation proceedings under the sections of the statute involved here. Reversal of the Special Inquiry Officer's decision did not render the exercise of discretion by the Board arbitrary or capricious.
 
 
 17
 There is no substance to appellant's contention that there was an abuse of discretion because the Immigration and Naturalization Service invited and encouraged Chinese aliens to come forward to adjust their status in the United States. The so-called 'confession' program was primarily directed at the group which took part in the creation of 'paper families' established in China by United States citizens of Chinese extraction. Appellant is not a member of this group. Moreover, the invitation to these aliens to legitimize their status served as a call to avail themselves of existing statutory remedies. The public releases for the Service cannot be understood as promising or guaranteeing relief under these statutes regardless of the eligibility of the aliens for the grant of discretionary relief.
 
 
 18
 The allegations of the complaint in this action relating to hardship due to appellant's health were controverted verted by the affidavit of a medical officer who had examined appellant. These matters were not before the administrative agency in the proceedings had in this case. The limited judicial review of discretionary administrative action does not contemplate a trial de novo of matters which were known but not raised while the matter was pending before the agency.
 
 
 19
 The complaint does not request review of the proceedings with respect to action taken on the request for voluntary departure. Accordingly, this question is not before this court.
 
 
 20
 For the foregoing reasons the judgment of the district court is hereby affirmed.
 
 
 
 [1]
 See Section 1254(b), Title 8 U.S.C.A., requiring a report to Congress where suspension of deportation is granted