John M. LEHMANN, Officer in Charge, United States Immigration and Naturalization Service, Appellant,

v.

UNITED STATES of America ex rel. Dominic SCIRIA, Appellee.

No. 12776.

United States Court of Appeals Sixth Circuit.

Oct. 14, 1957.

---

Russell Ake, Asst. U. S. Atty., Cleveland, Ohio, Sumner Canary, U. S. Atty., Cleveland, Ohio, on brief, for appellant.

Henry C. Lavine, Cleveland, Ohio, for appellee.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

PER CURIAM.

In this case, the petition of Dominic Sciria for writ of habeas corpus, challenging the legality of an order of deportation, was granted.

The petitioner-appellee entered the United States as a stowaway and without a passport in July of 1922 and has resided continuously in this country since his unlawful entry. He has been twice convicted and sentenced to penal servitude for two offenses violating, respectively, the law of West Virginia relating to unlawful liquor traffic and the law of Ohio covering blackmail. In a careful opinion, United States District Judge McNamee gave well-considered reasons for his action in granting the petitioner's application for writ of habeas corpus.

In behalf of the government, the appropriate Officer in Charge, United States Immigration and Naturalization Service, has appealed from the district court's order; and the United States Attorney for the Northern District of Ohio has prosecuted this appeal.

Since the opinion of the United States District Judge was written, the Supreme Court [Lehmann v. United States ex rel. Carson, 353 U.S. 685, 77 S.Ct. 1022, 1 L.Ed.2d 1122, rehearing denied 354 U.S. 944, 77 S.Ct. 1421, 1 L.Ed.2d 1542] has decided the issues here involved against the contention of the petitioner-appellee and contrary to the decision of the district court. The Supreme Court held that the savings clause, section 405, of the 1952 Immigration and Nationality Act, 8 U.S.C.A. § 1101 note, does not preclude deportation under section 241 (a) (4), and (b), 8 U.S.C.A. § 1251(a) (4), (b), of an alien who had entered this country in 1919 as a stowaway and who had received a conditional pardon for one of two convictions in 1936, the alien not having been deportable until the 1952 Act became effective. The Carson case is not distinguishable from the case at bar.

Accordingly, upon the compelling authority of the Carson case, the judgment of the district court is reversed; and the petition of appellee for writ of habeas corpus is denied.