**Joseph FRANK, Appellant,**

v.

**William P. ROGERS, Attorney General of the United States, Appellee.**

**No. 13864.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 22, 1958.

Decided March 20, 1958.

Mr. David Carliner, Washington, D. C., with whom Mr. Jack Wasserman, Washington, D. C., was on the brief, for appellant.

Mr. Fred L. McIntyre, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, BAZELON and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

This is a deportation case, raising questions as to the manner in which the issue of citizenship can be tested in the courts.

Administrative proceedings for deportation were brought by the Government against appellant under the Immigration and Nationality Act of 1952, 66 Stat. 166, 8 U.S.C.A. §§ 1101 et seq., and resulted adversely to him. Appellant then filed suit in the District Court, seeking review of the deportation proceedings under Section 10 of the Administrative Procedure Act, 60 Stat. 243 (1946), 5 U.S.C.A. § 1009, and a declaratory judgment that he was not an alien and hence not subject to deportation. The Government, after answer, moved for summary judgment. It urged that the issue of citizenship could be adjudicated de novo only in a proceeding brought under Section 360 of the Immigration and Nationality Act of 1952, 66 Stat. 273, 8 U.S.C.A. § 1503, in the district of the residence of the plaintiff—in this case, the Western District of Pennsylvania. The District Court agreed, and denied the declaration requested, without prejudice to the bringing of a suit under Section 360 in the proper district. The District Court also granted summary judgment for the Government "so far as the action seeks review under the Administrative Procedure Act," on the ground that the record of proceedings before the Immigration and Naturalization Service disclosed that "the action,

findings, and conclusions of defendant are not arbitrary, capricious, or an abuse of discretion, are in accordance with law, and are supported by substantial evidence."

The Government concedes, as it must, that under the Immigration and Nationality Act of 1952—the statute governing the deportation proceedings against appellant—review under Section 10 is available. See Shaughnessy v. Pedreiro, 1955, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868. The Government further concedes that appellant has a constitutional right to a trial de novo of the issue of citizenship. That right was established by the decisions in Ng Fung Ho v. White, 1922, 259 U.S. 276, 42 S.Ct. 492, 66 L.Ed. 938, and Kessler v. Strecker, 1939, 307 U.S. 22, 35, 59 S.Ct. 694, 83 L.Ed. 1082, both arising in habeas corpus proceedings. The Government argues that a suit under Section 360 is now the exclusive means of obtaining such a trial de novo. We cannot agree.

Until the claim of citizenship is resolved, the propriety of the entire proceeding is in doubt. "Jurisdiction in the executive to order deportation exists only if the person arrested is an alien. The claim of citizenship is thus a denial of an essential jurisdictional fact." Ng Fung Ho v. White, supra, 259 U.S. at page 284, 42 S.Ct. at page 495. Review under Section 10 would be inadequate indeed if it were too narrow to test de novo the issue of citizenship—going as it does to the heart of the administrative proceeding, the agency's very jurisdiction. If a plaintiff must bring two suits to gain relief—one under Section 360 to establish his citizenship and another under Section 10 to test the agency's action—the Section 10 suit would logically have to await final decision in the Section 360 suit, since no sound decision could be made in it until the jurisdictional issue of citizenship had been decided. Neither justice nor efficient administration would be well served by such procedure. And the statutory language does not in our view compel or even suggest such a result.

Section 10, in pertinent part, provides:

"Sec. 10. Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion—

\*　　\*　　\*　　\*　　\*

"(e) Scope of review.—So far as necessary to decision and where presented *the reviewing court shall* decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of any agency action. It shall (A) compel agency action unlawfully withheld or unreasonably delayed; and (B) *hold unlawful and set aside agency action, findings and conclusions found to be* (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; (5) unsupported by substantial evidence in any case subject to the requirements of sections 7 and 8 or otherwise reviewed on the record of an agency hearing provided by statute; or (6) *unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.* In making the foregoing determinations the court shall review the whole record or such portions thereof as may be cited by any party, and due account shall be taken of the rule of prejudicial error." (Italics supplied.)

The italicized words are clearly broad enough to permit a trial de novo of the issue of citizenship in cases like the present. The test normally applied in judicial review of deportation proceedings is whether the agency's "action, findings, and conclusions" are "supported by substantial evidence." See Attorney General's Manual on the Administrative Procedure Act 110 (1947), citing United States ex rel. Vajtauer v. Commissioner, 1927, 273 U.S. 103, 106, 47 S.Ct. 302, 71 L.Ed. 560, and Bridges v. Wixon, 1945, 326 U.S. 135, 149, 65 S.Ct. 1443, 89 L.Ed. 2103. In general, of course, Section 10 (e)(6) refers "to those existing situations in which judicial review has consisted of a trial de novo." Manual, 109–110, giving examples. But, as the Manual goes on to point out, at note 22, page 110, in review of deportation proceedings "a judicial trial *de novo* may be had on the issue of citizenship," citing Kessler v. Strecker, 1939, 307 U.S. 22, 35, 59 S.Ct. 694, 83 L.Ed. 1082.

■■ Not only is the language of Section 10 comprehensive enough to allow a de novo trial of the issue, but we find nothing in the language of Section 360 to support the District Court's view that appellant could obtain a trial de novo of his claim of citizenship only in a suit under the latter Section.[1] Congress did not indicate that it intended any such result. The predecessor statute, Sec-

---

1. Section 360 provides, insofar as pertinent:

"(a) If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28, against the head of such department or independent agency for a judgment declaring him to be a national of the United States, except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any exclusion proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such exclusion proceeding. An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege and shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those courts."

tion 503 of the Nationality Act of 1940, 54 Stat. 1171, 8 U.S.C. § 903 (1946), appears to have been chiefly designed to aid persons outside the United States who had been denied recognition as American citizens, and to clarify the rights of similarly situated persons inside the United States.[2] Section 360 of the 1952 Act was patterned after Section 503 of the 1940 Act, but was limited in its application to persons "within the United States." Neither Section 360 nor its predecessor recites that the remedy there given is to be exclusive, or that when the issue of citizenship is necessarily involved in another proceeding, it may not be there considered, or that existing remedies are to be denied: in fact, the legislative history of the predecessor statute indicates the contrary.[3]

■ In habeas corpus, as we have noted, the issue of the citizenship of a person sought to be deported has always been subject to inquiry, and on such an issue the petitioner in habeas corpus is entitled to a judicial trial de novo. Ng Fung Ho v. White, supra; Kessler v. Strecker, supra, 307 U.S. at page 35, 59 S.Ct. at page 700.[4] The present suit is not, of course, a petition for habeas corpus: it seeks review under Section 10 of the Administrative Procedure Act. But clearly the same considerations should govern. The Supreme Court has held that habeas corpus is not the sole remedy available to an excluded alien under the 1952 Act: he can bring suit for a declaratory judgment under Section 10 of the Administrative Procedure Act, and can secure relief of the same scope on the merits as habeas corpus would provide. Brownell v. We Shung, 1956, 352 U.S. 180, at pages 183–184, 186, 77 S.Ct. 252, 1 L.Ed.2d 225. Parity of reasoning calls for a similar result in deportation cases. See Rubinstein v. Brownell, 1953, 92 U.S.App.D.C. 328, 206 F.2d 449, affirmed by an equally-divided Court, 1954, 346 U.S. 929, 74 S.Ct. 319, 98 L.Ed. 421; United States ex rel. Brzovich v. Holton, 7 Cir., 1955, 222 F.2d 840. Cf. Cruz-Sanchez v. Robinson, 9 Cir., 1957, 249 F.2d 771.

We hold that the issue of citizenship, properly raised, is to be tried de novo in a suit under Section 10, if plaintiff so requests.

For these reasons, the judgment of the District Court must be reversed, and the cause remanded for further proceedings, not inconsistent with this opinion. We do not reach the other contentions of the parties.

So ordered.

2. See H.R.Rep. No. 3019 on H.R. 9980, 76th Cong., 3d Sess.; Hearings on H.R. 6127, superseded by H.R. 9980, 76th Cong., 1st Sess., p. 285; 86 Cong.Rec. 13244–47.

3. See materials cited in footnote 2, supra.

4. Mr. Justice Frankfurter has observed in Stark v. Wickard, 1944, 321 U.S. 288, 312, 64 S.Ct. 559, 572, 88 L.Ed. 733. (dissenting opinion):

"* * * in a claim of citizenship in deportation proceedings * * * a judicial trial becomes a constitutional requirement because of 'The difference in security of judicial over administrative action.' Ng Fung Ho v. White, 259 U.S. 276, 285, 42 S.Ct. 492, 495, 66 L.Ed. 938 * * *."