## DESSALERNOS v. SAVORETTI, DISTRICT DIRECTOR, IMMIGRATION AND NATURALIZATION SERVICE.

No. 287. Argued April 3, 1958.—Decided April 14, 1958.

*David W. Walters* argued the cause and filed a brief for petitioner.

*Maurice A. Roberts* argued the cause for respondent. On the brief were *Solicitor General Rankin* and *Beatrice Rosenberg.*

PER CURIAM.

It was stipulated by the parties in the District Court that the sole question for decision is whether petitioner is entitled to have his application for suspension of deportation considered under § 244 (a)(1) of the Immigration and Nationality Act of 1952 (66 Stat. 163, 214; 8 U. S. C. § 1254 (a)(1)). We hold that petitioner is so entitled. The judgment of the Court of Appeals (244 F. 2d 178) is therefore vacated and the cause is remanded to the District Court with directions to enter an appropriate judgment declaring that petitioner is entitled to have his application for suspension of deportation considered by the United States Immigration and Naturalization Service under § 244 (a)(1). *So ordered.*

MR. JUSTICE HARLAN, whom MR. JUSTICE CLARK joins, would dismiss the writ for lack of jurisdiction. In his

view the record fails to disclose a justiciable case or controversy because (1) the undisturbed administrative finding that petitioner "does not meet the requirement that his deportation [would] result in exceptional and extremely unusual hardship to himself," establishes that petitioner is not entitled to suspension of deportation under *either* subdivision (a)(1) or (a)(5) of § 244 of the Immigration and Nationality Act of 1952; and (2) the parties' stipulation in the District Court is ineffective to confer jurisdiction on this Court to decide the question sought to be presented. See *Swift & Co.* v. *Hocking Valley R. Co.*, 243 U. S. 281, 289; *Aetna Life Ins. Co.* v. *Haworth,* 300 U. S. 227, 240–241. In holding on this record that subdivision (a)(1) governs petitioner's case the Court has, in his view, rendered what in effect is an advisory opinion.

MR. JUSTICE FRANKFURTER would join MR. JUSTICE HARLAN if he read the record to be as clear as the latter finds it to be. Being in sufficient doubt about the scope and meaning of the stipulation, he joins the Court's opinion. This leaves open, on the remand, the administrative determination of the issues under § 244 (a)(1).