MATTER OF P——

In DEPORTATION Proceedings

A-10952893

*Decided by Board June 5, 1958*

**Suspension of deportation—Alien deportable under section 241(a)(2) of 1952 act as "remained longer"—Eligibility for suspension must be established under section 244(a)(5) of act.**

Alien deportable under section 241(a)(2) of the act as "remained longer" is within terms of paragraph (5) of section 244(a) of the act and, hence, is ineligible for suspension of deportation under paragraph (3) of section 244(a).

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer than the permitted time after admission as a nonimmigrant seaman [section 3, Act of 1924; 8 U.S.C. 203, 1940 ed.]

**BEFORE THE BOARD**

**Discussion:** On March 11, 1958, this Board dismissed respondent's appeal from the special inquiry officer's decision of November 14, 1957, denying his application for suspension of deportation, but authorizing his voluntary departure and providing for his deportation on the charge contained in the order to show cause in the event of his failure to so depart. The case is again before us on the motion for reopening of the proceedings for reconsideration of the respondent's eligibility for suspension of deportation. The motion will be denied.

The respondent is a 28-year-old native and citizen of Greece who last entered the United States on January 26, 1951, at Newport News, Virginia, as a seaman. Since he has remained in the United States longer than the permitted period, his deportability on the above-stated charge, which is uncontested here, is established.

The only issue now before us is whether the respondent's application for suspension of deportation should be treated as falling under section 244(a)(3) of the Immigration and Nationality Act under which he could qualify for discretionary relief by the Attorney General, or under section 244(a)(5) of the same act under which he cannot qualify because he does not fulfill the 10 years' residence requirement of subsection (5).

57

The special inquiry officer originally held, and we previously agreed, that a prior precedent decision of this Board (*Matter of B——*, A-10474501, 7 I. & N. Dec. 400) was dispositive of the issues in this case. In that case, we held that an alien admitted as a crewman is statutorily ineligible for suspension of deportation under section 244(a)(3) of the Immigration and Nationality Act if he is deportable, as is this respondent, under the provisions of section 241(a)(2) of that act as a "remained longer," and that in such a situation his eligibility for suspension of deportation can be established only under section 244(a)(5) of the act. It is set forth in the present motion, however, that the decision of the Supreme Court of the United States in the case of *Dessalernos* v. *Savoretti* rendered on April 14, 1958 (356 U.S. 269), calls for a contrary conclusion.

The *Dessalernos* case, *supra*, involved an alien who was deportable on one of the grounds specified in section 244(a)(5) of the Immigration and Nationality Act (8 U.S.C. 1254), but who sought suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act, and was not one of the classes expressly excluded from consideration thereunder because not one of the classes specified in section 19(d) of the 1917 act (former 8 U.S.C. 155). Here, however, the section involved is 244(a)(3) of the 1952 act which specifically provides that suspension of deportation is available thereunder only to an alien who "* * * is not within the provisions of paragraph (4) or (5) of this subsection * * *." This language is not contained in section 244(a)(1).

We hold that the foregoing language of subsection (3) is a clear mandate from the Congress that it and subsection (5) be considered mutually exclusive. Therefore, and in view of the difference in language between 244(a)(1) and (3), we conclude that the *Dessalernos* case (*supra*) has no application to the present situation. Accordingly, we will deny the present motion.

**Order:** It is ordered that the motion be and the same is hereby denied.

*Editor's Note:* On April 27, 1959, the United States District Court, District of New Jersey, in *Patinakis* v. *Bouchard*, Civil Action #289-59, upheld the action of the Board in the subject case and denied application for a preliminary injunction.