**UNITED STATES ex rel. Charles CAVALLARO, Appellant,**

**v.**

**John M. LEHMANN, etc., Appellee.**

**No. 13620.**

United States Court of Appeals
Sixth Circuit.

Feb. 18, 1959.

Henry C. Lavine, Cleveland, Ohio, for appellant.

Russell E. Ake and G. W. Morrison, U. S. Atty., Cleveland, Ohio, for appellee.

Before MARTIN, Chief Judge, and MATHES and SHELBOURNE, District Judges.

PER CURIAM.

Appellant, Charles Cavallaro, seeks by this appeal to reverse a judgment of the District Court which denied a petition to review an order of the Board of Immigration Appeals.

The Board ordered Cavallaro deported pursuant to a warrant ordering his arrest and directing that he be granted a hearing to show cause why he should not be deported as an alien who entered this country as a stowaway in May, 1921 and, therefore, excludable under the Act of February 5, 1917, in effect at the time of Cavallaro's entry. The Special Inquiry Officer, after a full hearing, made findings of fact and conclusions of law. He determined that Cavallaro was excludable as an alien and ordered his deportation.

The Board of Immigration Appeals denied Cavallaro's petition for suspension of deportation and ordered him deported. Cavallaro then petitioned the District Court for a judicial review. He urged in the District Court that he was not deportable under the provisions of the Immigration and Nationality Act of 1952 because, upon the effective date of that Act, no proceeding for deportation had been instituted against him within the five-year period of limitation in effect at the time of his entry and, since he entered the country prior to July 1, 1924, he was protected from exclusion.

Judge Weick, the trial judge, succinctly pointed out the fallacy of Cavallaro's contention in the light of the cases of Lehmann v. United States ex rel. Carson, 353 U.S. 685, 77 S.Ct. 1022, 1 L.Ed.2d 1122, and Lehmann v. United States ex rel. Sciria, 6 Cir., 248 F.2d 519. These cases clearly decide that aliens are deportable if at the time of their entry they are within one or more of the classes of aliens excludable under the law in effect at the time of such entry. Section 1251(a) (1), Title 8 United States Code Annotated. Judge Weick further concluded that petitioner was not entitled to a suspension of deportation because the immigration authorities had exercised discretion committed to that agency.

The suspension of deportation is solely a matter of grace and not of right. Jay v. Boyd, 351 U.S. 345, 76 S.Ct. 919, 100 L.Ed. 1242; United States ex rel. Hintopoulos v. Shaughnessy, 2 Cir., 233 F.2d 705, affirmed 353 U.S. 72, 77, 77 S.Ct. 618, 1 L.Ed.2d 652; Cf. Dessalernos v. Savoretti, 356 U.S. 269, 78 S.Ct. 690, 2 L.Ed.2d 751.

The judgment of the District Court is affirmed.