**CHAN WING CHEUNG, a.k.a. Bill Woo, Plaintiff**

v.

**Frank C. HAGERTY, Officer in Charge, U. S. Immigration & Naturalization Service, Providence, Rhode Island, Defendant.**

**C. A. No. 2437.**

United States District Court, D. Rhode Island.

Aug. 6, 1959.

Thomas F. Vance, Jr., Pawtucket, R. I., E. Harold Dick, Providence, R. I., for plaintiff.

Joseph Mainelli, U. S. Atty., Arnold Williamson, Jr., Asst. U. S. Atty., Providence, R. I., for defendant.

DAY, District Judge.

In this action the plaintiff seeks a review of an order of the Board of Immigration Appeals (hereinafter called "the Board") which dismissed the plaintiff's appeal from an order of a Special Inquiry Officer denying his "petition to re-open" a deportation hearing held on April 17, 1956. He also seeks a declaratory judgment to the effect that he is eligible to apply for suspension of deportation under 8 U.S.C.A. § 1254(a) (2) and/or § 1254(a) (3).[1] Although the complaint contains no jurisdictional averments, the claims made are properly cognizable in this Court under 5 U.S.C.A. § 1009 and 28 U.S.C.A. § 1331 and § 2201. See, e. g., McGrath v. Kristensen, 1950, 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173. The plaintiff is presently subject to a valid and final order of deportation, the execution of which was restrained by me on December 12, 1958, pending the determination of the merits of this action.

The matter is now before me upon the defendant's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., which motion is supported by the affidavit of the defendant. During the hearing on this motion the defendant introduced in evidence the full administrative file of the Immigration and Naturalization Service relating to the plaintiff, including verbatim transcripts of the various ad-

---

1. These subsections provide as follows:

"(a) As hereinafter prescribed in this section, the Attorney General may, in his discretion, suspend deportation and adjust the status to that of an alien lawfully admitted for permanent residence, in the case of an alien who—  *  *  *

"(2) last entered the United States within two years prior to or at any time after June 27, 1952; is deportable under any law of the United States solely for an act committed or status existing prior to or at the time of such entry into the United States and is not within the provisions of paragraph (4) of this subsection; was possessed of all of the requisite documents at the time of such entry into the United States; has been physically present in the United States for a continuous period of not less than five years immediately preceding his application under this paragraph, and proves that during all of such period he has been and is a person of good moral character; has not been served with a final order of deportation issued pursuant to this chapter in deportation proceedings up to the time of applying to the Attorney General for suspension of deportation; and is a person whose deportation would, in the opinion of the Attorney General, result in exceptional and extremely unusual hardship to the alien or to his spouse, parent, or child, who is a citizen or an alien lawfully admitted for permanent residence; or

"(3) last entered the United States within two years prior to, or at any time after June 27, 1952; is deportable under any law of the United States for an act committed or status acquired subsequent to such entry into the United States and is not within the provisions of paragraph (4) or (5) of this subsection; was possessed of all of the requisite documents at the time of such entry into the United States; has been physically present in the United States for a continuous period of not less than five years immediately following the commission of an act, or the assumption of a status, constituting a ground for deportation, and proves that during all of such period he has been and is a person of good moral character; has not been served with a final order of deportation issued pursuant to this chapter in deportation proceedings up to the time of applying to the Attorney General for suspension of deportation; and is a person whose deportation would, in the opinion of the Attorney General, result in exceptional and extremely unusual hardship to the alien or to his spouse, parent, or child, who is a citizen or an alien lawfully admitted for permanent residence;  *  *  *"

8 U.S.C.A. § 1254(a) may be referred to in the alternative as § 244(a) of the Immigration & Nationality Act of 1952.

ministrative proceedings hereinafter discussed.

At the outset, it may be noted that there is no dispute as to the material facts. The only issues before me are issues of law, the plaintiff contending that the Board has erroneously applied the law to the facts as established.

Plaintiff, a native and citizen of China, last entered the United States at Honolulu, Hawaii, on August 10, 1950. He was admitted under section 3(2) of the Immigration Act of 1924 * as a temporary visitor until October 9, 1950. No extensions of stay beyond that date have ever been granted to him. On May 3, 1955, a warrant was served upon him which charged him with two violations of the immigration laws. These charges were (1) that after admission as a visitor he remained in the United States for a longer time than permitted under the Immigration Act of 1924 or the regulations promulgated thereunder; and (2) that at the time of entry he did not present an unexpired passport or official document in the nature of a passport issued by the government of the country to which he owed allegiance, nor any other travel document showing his origin and identity, as required by an Executive Order in effect at that time. After due notice plaintiff was given a hearing before a Special Inquiry Officer on May 31, 1955, at Boston, Massachusetts. Plaintiff was represented by counsel at said hearing and testified under oath as to the circumstances under which he last entered this country and as to his activities since said entry. This hearing was concluded, but no decision was ever rendered therein by the Special Inquiry Officer.

On June 24, 1955, the plaintiff filed an application for a change of status under section 6 of the Refugee Relief Act of 1953, 50 U.S.C.A.Appendix, § 1971d. A hearing was held on this application on July 7, 1955, and its denial was recommended on September 9, 1955 by the presiding Special Inquiry Officer on the

ground that the plaintiff could return to the country of his last residence. Plaintiff, by his counsel, took exceptions to this decision, and on November 14, 1955 the Acting Regional Commissioner remanded the plaintiff's application for further hearing. Another hearing was then held and, on January 9, 1956, the presiding Special Inquiry Officer again recommended denial of the plaintiff's application upon the same ground as previously found by him. Under date of January 10, 1956, plaintiff's counsel was advised of this finding and was given until January 23, 1956 to submit exceptions to the memorandum of the Special Inquiry Officer. This time was later extended to February 14, 1956. No such exceptions were ever filed; and on March 15, 1956, the recommendation of the Special Inquiry Officer was approved by the Acting Regional Commissioner.

Thereafter, on April 6, 1956, the plaintiff was advised that the hearing which had been held on May 31, 1955 would be reopened; and on April 9, 1956, he was advised to appear on April 17, 1956 for a hearing to enable him to show cause why he should not be deported. At this hearing he was represented by the same counsel who appeared in his behalf at the earlier hearings. He was again sworn as a witness, and once again testified as to the circumstances of his last entry into the United States and as to his activities since that time. During this hearing the plaintiff applied for the privilege of voluntary departure from this country, and at the close thereof his counsel stated that he did not wish to be served with a written copy of the order which was to be entered upon the decision of the Special Inquiry Officer. This decision was dictated by the latter at the conclusion of the hearing, in the presence of the plaintiff and his counsel. Therein, the Special Inquiry Officer found that the plaintiff had remained in the United States beyond the period for which he was admitted (that is, beyond October 9, 1950), and that the first charge

* Now 8 U.S.C.A. § 1101(a) (15) (B).

in the warrant of arrest had been sustained. He also found that the second charge in the warrant had not been established by the required degree of proof. Each of these findings is clearly and convincingly supported by the evidence adduced at said hearing. The Special Inquiry Officer then ordered that the plaintiff, in accordance with his request, be granted the privilege of voluntary departure at his own expense, in lieu of deportation, within such period of time as the District Director or Officer in Charge of the Providence office of the Immigration and Naturalization Service might direct, with the condition that such privilege be withdrawn if the plaintiff failed to depart within the time so fixed, and that he then be deported on the ground that as a visitor he had remained longer in the United States than permitted. The transcript of this hearing shows further that, upon the completion of his oral decision and order, the Special Inquiry Officer was again advised by counsel for the plaintiff that he did not wish to be served with a written copy of said order. On the same date the plaintiff acknowledged in writing the receipt of written notice to the effect that he was granted until June 18, 1956 to effect his voluntary departure at his own expense, that his failure to depart on or before that date would result in the withdrawal of the privilege of voluntary departure, and that steps would then be taken to enforce the order of deportation. No appeal was ever taken by the plaintiff from the above-described decision and order.

The plaintiff failed to depart on June 18, 1956; and, although the administrative file includes a warrant of deportation, bearing the date of June 19, 1956 and signed by the Officer in Charge, it is clear that this warrant was never served upon the plaintiff. In fact, no further steps to effect the deportation of the plaintiff appear to have been taken until May 31, 1957, when the Officer in Charge of the Providence office advised plaintiff that a private bill, designed to permit plaintiff to remain in this country, had been acted upon adversely by Congress on May 20, 1957, and that arrangements were consequently being made for his deportation on or after June 30, 1957.

Two days before his scheduled deportation plaintiff filed a complaint in this Court (which is docketed as Civil Action No. 2197), together with a prayer for the entry of an order restraining the defendant and all persons acting in concert with him from taking any steps to effect the plaintiff's deportation pending the hearing of said action. A temporary injunction was granted by me on November 5, 1957.

In that complaint, the plaintiff alleged that at the hearing of April 17, 1956, the Special Inquiry Officer had "either carelessly, inadvertently or wrongfully" advised him that "they would not accept from him an application for suspension of deportation under the said section [8 U.S.C.A. § 1254(a) (3)] and that he could not file such an application without a qualification of 10 years residence". He sought a declaratory judgment that said subsection 1254(a) (3) was applicable to him and the entry of an order directing the defendant to "permit the plaintiff to avail himself of whatever rights or privileges" said subsection 1254(a) (3) extends to him. After a trial of said action on the merits— during which trial the plaintiff did not testify—I found that he had completely failed to establish the material allegations of his complaint and that he was not entitled to any relief. Consequently, I dismissed the action. An appeal from the judgment entered on my decision was duly taken to the Court of Appeals for the First Circuit. Upon consideration of a motion filed by the defendant to affirm the judgment or to dismiss said appeal, that Court entered the following order on May 21, 1958:

> "It is ordered that the motion to affirm be, and same hereby is, granted without prejudice to pursuit by the applicant of any further administrative remedy which may be available."

426

Following the entry of this order the plaintiff's counsel filed with the Immigration and Naturalization Service in behalf of the plaintiff his aforementioned petition to re-open the deportation hearing so that he might apply for suspension of deportation under 8 U.S.C.A. § 1254(a) (2). In a written decision, the Special Inquiry Officer to whom said petition was referred denied the petition to re-open on the ground that the plaintiff was not eligible as a matter of law for suspension of deportation under § 1254(a) (2) or under any other subsection of § 1254(a), and that no useful purpose would therefore be served by re-opening said hearing. Plaintiff seasonably claimed an appeal, and the Board, on December 5, 1958, affirmed the decision of the Special Inquiry Officer.

On December 10, 1958, the plaintiff was notified to appear for deportation on December 15, 1958; and on December 12, 1958, the instant action was commenced. On the same date I granted the above-mentioned order restraining the defendant and his agents from taking further action with respect to the plaintiff, pending a final adjudication of said action.

In his complaint, in addition to other allegations, the plaintiff makes the same allegations which he made in Civil Action No. 2197 concerning the alleged misleading advice given to him by the Special Inquiry Officer at the hearing on April 17, 1956 and which, after a trial, I found to be unsupported by any evidence. He also alleges that 8 U.S.C.A. § 1254(a) (2) and 8 U.S.C.A. § 1254(a) (3), or one of them, applies to the class of persons of which he is a member; that he should have an opportunity for relief thereunder; and that the action of the Board in refusing him the right to apply for such relief was erroneous in law, arbitrary, and highly injurious to him.

The administrative record establishes that the plaintiff is and has been at all times while in this country a person of good moral character. He apparently enjoys an excellent reputation in the community where he resides and where he is a businessman of substance.

In support of his contention that the order of the Board was invalid and contrary to law, the plaintiff argues that the passport presented by him when he entered the United States was probably fraudulent and that he therefore qualifies under 8 U.S.C.A. § 1254(a) (2) as a person deportable on a ground existing prior to or at the time of entry into the United States. He makes this contention notwithstanding the finding of the Special Inquiry Officer that this charge, made in the warrant of arrest, had not been sustained by credible evidence. Plaintiff's contention in this regard is lacking in merit. Under § 1254(a) (2) relief is limited to those persons who are "deportable under any law of the United States solely for an act committed or status existing prior to or at the time of such entry into the United States". The record establishes that the plaintiff, after a fair and impartial hearing, was found to be deportable for an act committed after his entry into the United States. This finding is supported by substantial evidence in the administrative record as a whole, and must therefore be accepted as true for purposes of the instant proceeding. Bridges v. Wixon, 1945, 326 U.S. 135, 65 S.Ct. 1443, 89 L.Ed. 2103; Kessler v. Strecker, 1939, 307 U.S. 22, 59 S.Ct. 694, 83 L.Ed. 1082. The possible relief provided by § 1254(a) (2) is limited to a person who is deportable under any law of the United States *solely* for an act committed or status existing prior to or at the time of entry into the United States. Being deportable for an act committed after his entry into the United States, the plaintiff was not eligible for relief under § 1254(a) (2), and the Board correctly so held.

Although plaintiff in his petition to re-open made no claim that he was eligible for relief under 8 U.S.C.A. § 1254(a) (3), he now contends that said subsection is also applicable to him. In my opinion, the plaintiff was likewise ineligible for relief under § 1254(a) (3). Said subsection affords the possibility of discretionary suspension of deportation to an alien who is deportable under any law of the United States for an act

committed or status acquired subsequent to his entry into the United States and who is not within the provisions of 8 U.S.C.A. § 1254(a) (4) or § 1254(a) (5).[2] To be eligible for relief under § 1254(a) (3), an alien must have been physically present in the United States for a continuous period of five years immediately following the commission of an act or the assumption of a status constituting a ground for deportation. Said § 1254(a) (5) makes provision for relief from deportation for an alien who is deportable under 8 U.S.C.A. § 1251(a) (2) as a person who has remained longer in the United States than the period for which he was admitted. To be eligible for relief under § 1254(a) (5) an alien must have been physically present in the United States for a continuous period of not less than ten years immediately following the commission of an act or the assumption of a status constituting a ground for deportation.

I have been unable to find any judicial determination of the interrelation of § 1254(a) (3) and § 1254(a) (5). The case of Dessalernos v. Savoretti, 1956, 356 U.S. 269, 78 S.Ct. 690, 2 L.Ed.2d 751, cited by the plaintiff, is clearly not in point.

The legislative history of these subsections is, however, enlightening. Said subsections were contained in the original Senate bill in substantially their present form. See S. 2550, 82nd Cong., 2d Sess. (1952). The House of Representatives did not adopt in toto the legislation proposed by the Senate, but enacted its own bill in lieu thereof. See H.R. 5678, 82nd Cong., 2d Sess. (1952). The House version of what is now § 1254(a) (3) made provision for the possibility of suspension of deportation to an alien who was deportable as a person who had remained longer than the period for which he was admitted, and who had been physically present in the United States for a continuous period of *five* years. The House bill also differed from the Senate bill in that it deleted all reference to "remained longer" persons from what is now § 1254 (a) (5).

The purpose of these departures from the Senate bill was clearly set forth in House Report No. 1365, which accompanied H.R. 5678 to the floor of the House of Representatives. Said report read in material part as follows:

> "The third category of section 244(a) (3) [now 8 U.S.C.A. § 1254 (a) (3) ], as amended by the committee (amendment No. 15), provides for the adjustment of status of a deportable alien who overstays his period of admission * * * upon a showing of 5 years' continuous physical presence. * * *

2. This subsection provides as follows:

"(a) As hereinafter prescribed in this section, the Attorney General may, in his discretion, suspend deportation and adjust the status to that of an alien lawfully admitted for permanent residence, in the case of an alien who— * * *

"(5) is deportable under paragraphs (4)–(7), (11), (12), (14)–(17), or (18), of section 1251(a) of this title for an act committed or status acquired subsequent to such entry into the United States or having last entered the United States within two years prior to, or at any time after June 27, 1952, is deportable under paragraph (2) of section 1251 (a) of this title as a person who has remained longer in the United States than the period for which he was admitted; has been physically present in the United States for a continuous period of not less than ten years immediately following the commission of an act, or the as-

sumption of a status, constituting a ground for deportation, and proves that during all of such period he has been and is a person of good moral character; has not been served with a final order of deportation issued pursuant to this chapter in deportation proceedings up to the time of applying to the Attorney General for suspension of deportation; and is a person whose deportation would, in the opinion of the Attorney General, result in exceptional and extremely unusual hardship to the alien or to his spouse, parent, or child, who is a citizen or an alien lawfully admitted for permanent residence."

No contention is made by either party that § 1254(a) (4), which is also referred to in § 1254(a) (3), is in any way relevant to the instant controversy, and no useful purpose would be served by setting out said subsection in full.

"The purpose of amendments No. 15 and 16 is to place the alien who is deportable solely on the ground that he overstayed his period of admission or failed to maintain the nonimmigrant status in which he was admitted, in the third category above-described. Thus, the amended subsection (3) of section 244(a) would apply to aliens who have lawfully entered the United States, are not guilty of any crime constituting a ground for deportation, have resided in the United States in excess of 5 years * * *." See H. Rpt. 1365, 82nd Cong., 2d Sess. (1952), 2 U.S.Code Cong. & Ad. News 1653, 1717–1718.

However, the provisions of the House bill proposed for enactment as subsections 1254(a) (3) and 1254(a) (5) were not accepted by the joint Senate and House conferees,[3] and the original provisions of S. 2550 in this regard were enacted and became law.

■ The foregoing legislative history convinces me that Congress considered the advisability of placing an alien who had remained longer than permitted within the class of persons eligible for relief under subsection 1254(a) (3) ; that it declined to do so; and that such persons are presently eligible for relief from deportation only if they meet the residence requirements of subsection 1254(a) (5).

■ Moreover, the Immigration and Naturalization Service — which is charged by law with the administration of section 1254(a)—has consistently adopted the viewpoint that subsection (3) thereof does not apply to "remained longer" persons. Such an informed administrative judgment is entitled to great weight where possible ambiguities leave the construction of a statute open to question. National Labor Relations Board v. Hearst Publications, Inc., 1944, 322 U.S. 111, 64 S.Ct. 851, 88 L.Ed. 1170; Koshland v. Helvering, 1936, 298 U.S. 441, 56 S.Ct. 767, 80 L.Ed. 1268, Jacobs v. Prichard, 1912, 223 U.S. 200, 32 S.Ct. 289, 56 L.Ed. 405.

3. The exact language of H.R. 5678 in these respects was as follows:

"(a) As hereinafter prescribed in this section, the Attorney General may, in his discretion, suspend deportation and adjust the status to that of an alien lawfully admitted for permanent residence, in the case of an alien who—

"(3) is deportable under paragraph (2) of section 241(a) as a person who has remained longer in the United States than the period for which he was admitted, or under paragraph (9) of section 241(a) as a person who was admitted as a nonimmigrant and failed to maintain the nonimmigrant status in which he was admitted or to which it was changed pursuant to section 248, or to comply with the conditions of such status, or under any law of the United States for an act committed or status acquired subsequent to such entry into the United States and is not within the provisions of paragraph (4) or (5) of this subsection; was possessed of all of the requisite documents at the time of such entry into the United States has been physically present in the United States for a continuous period of not less than 5 years immediately following the commission of an act, or the assumption of a status, constituting a ground for deportation and proves that during all of such period he has been and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in exceptional and extremely unusual hardship to the alien or to his spouse, parent, or child who is a citizen or an alien lawfully admitted for permanent residence; or

"(5) is deportable under paragraph (4), (5), (6), (7), (11), (12), (14), (15) or (16) of section 241(a) or under the act of May 10, 1920, as amended, for an act committed or status acquired subsequent to such entry into the United States; has been physically present in the United States for a continuous period of not less than 10 years immediately following the commission of an act, or the assumption of a status, constituting a ground for deportation, and proves that during all of such period he has been and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child who is a citizen or an alien lawfully admitted for permanent residence."

In my opinion the interpretation of § 1254(a) (3) which has been adopted and followed by the Immigration and Naturalization Service is in accord with the Congressional intent, is consistent with the basic purposes of the Act, and does not render nugatory any part of § 1254(a) (5). I am constrained, therefore, to concur in that interpretation. Since the plaintiff was deportable as a "remained longer" person and was not within the ambit of the provisions of § 1254(a) (3), I conclude that he was ineligible for relief under said subsection.

In my opinion, the order of the Board was not erroneous in law as claimed by the plaintiff; on the contrary, the Board correctly interpreted the law and correctly applied it to the facts found to exist.

The defendant's motion for summary judgment is granted. An order will be entered dismissing this action and vacating the restraining order entered herein on December 12, 1958.