Milutin OBRENOVIC, Plaintiff-Appellant,

v.

Alva L. PILLIOD, Chicago District Director of Immigration and Naturalization Service, Defendant-Appellee.

No. 12940.

United States Court of Appeals
Seventh Circuit.

Oct. 14, 1960.

Samuel S. Siegel, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, Elmer M. Walsh, Jr., Asst. U. S. Attys., Chicago, Ill., of counsel.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

HASTINGS, Chief Judge.

Plaintiff Milutin Obrenovic, an alien ordered to be deported, made application to Alva L. Pilliod, Chicago District Director of Immigration and Naturalization Service, to withhold plaintiff's deportation under Section 243(h) of the Immigration and Nationality Act, 8 U.S. C.A. § 1253. Application was denied, and plaintiff filed suit in the district court to declare his rights and withhold his deportation. The court granted Director's motion for summary judgment.

We are asked to determine whether there was an unconstitutional delegation of discretionary power under Section 243 (h), whether the administrative discretion here was exercised in an arbitrary manner, and whether plaintiff was entitled to a trial *de novo* in the district court.

Plaintiff is a 45 year old male alien, a native and citizen of Yugoslavia, whose wife and two children reside in Belgrade, Yugoslavia. On October 10, 1958, he was admitted to the United States for *one month* as a nonimmigrant visitor for pleasure. His application for an extension of his visa was denied, and he was required to depart by December 10, 1958. He did not comply and on December 22, 1958, was ordered deported to Yugoslavia pursuant to Section 241(a)(2) of the Act, 8 U.S.C.A. § 1251, for having remained in the United States for a longer time than permitted. Although such order is reviewable,[1] it is not in issue here; it is conceded that plaintiff is a deportable alien.

On March 30, 1959, plaintiff filed application, with an affidavit and exhibits, to withhold deportation under Section 243(h) which provides:

"The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to physical persecution * * *."

Pursuant to established department procedure, 8 C.F.R. § 243.3(b) (2) (1958 Rev.), an interrogation concerning plaintiff's application was held before a Special Inquiry Officer of the Immigration Service. Plaintiff was present, represented by counsel, offered evidence and witnesses, and was examined by the Inquiry Officer. Plaintiff attempted to establish the imminence of his physical persecution because of his political beliefs if he were returned to Yugoslavia. He recounted his service with the Chetniks in World War II, his arrest after the war, family tragedy under the present government, the fact that he secured his passport surreptitiously, his authorship of an article published here on conditions in Yugoslavia, and a letter from his wife.

The Inquiry Officer, in a written memorandum, considered all the evidence, noted current conditions in Yugoslavia, and concluded plaintiff had not submitted convincing evidence to establish he would be physically persecuted if deported. Upon review, the Regional Commissioner concurred. All administrative remedies were exhausted. An action for judicial review of the Regional Commissioner's order followed in the district court. The court rejected plaintiff's legal arguments, found no abuse of discretion in the agency action, and granted summary judgment for Director.

1. Such review does not insure a deportee of a trial *de novo*, United States ex rel. Schlimmgen v. Jordan, 7 Cir., 1947, 164 F.2d 633, 634; Tsiang Hsi Tseng v. Del Guercio, D.C.S.D.Cal.1957, 148 F.Supp. 803, 805, but review is limited to the standards of the Administrative Procedure Act, 5 U.S.C.A. § 1009. Shaughnessy v. Pedreiro, 1955, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868.

■ There was no impairment of the constitutional guarantee of separation of powers in the enactment of Section 243 (h) granting discretionary power to the Attorney General to suspend deportation. Plaintiff maintains that special circumstances existent at the time of the passage of this section make inapplicable earlier holdings that similar grants of discretionary power to the Attorney General were constitutional.[2] However, such special circumstances were before Congress at the time of consideration of the bill. Controlling here is the language of the Supreme Court:

> "The power to expel aliens, being essentially a power of the political branches of government, the legislative and executive, may be exercised entirely through executive officers, 'with such opportunity for judicial review of their action as Congress may see fit to authorize or permit.'" Carlson v. Landon, 1952, 342 U.S. 524, 537, 72 S.Ct. 525, 532, 96 L.Ed. 547.

■ Nor does the Fifth Amendment to the Constitution require a trial *de novo* on issues of fact in the instant case. This is not a case where the jurisdictional fact of citizenship is at issue. Kessler v. Strecker, 1939, 307 U.S. 22, 34–35, 59 S.Ct. 694, 83 L.Ed. 1082; Frank v. Rogers, 1958, 102 U.S.App.D.C. 367, 253 F.2d 889, 890. Further, plaintiff has not alleged that he has been deprived of his rights to fair procedure before the Inquiry Officer. This case does not involve the problems of fairness in the use of confidential documents by the Inquiry Officer with no right of examination by the deportee.[3]

■■ Although an exercise of agency discretion is not substantively reviewable, a court may examine the record to see whether discretion has been exercised [4] or has been abused.[5] Kam Ng v. Pilliod, 7 Cir., 1960, 279 F.2d 207; United States ex rel. Cantisani v. Holton, 7 Cir., 1957, 248 F.2d 737. Cf. Anderson v. Holton, 7 Cir., 1957, 242 F.2d 596, 598. Plaintiff has a right of limited judicial review by the court of discretionary decisions of the Attorney General. In determining if there has been an abuse of discretion, the court cannot substitute its judgment for that of the Attorney General. If the reasons for refusing to suspend deportation stated by the Attorney General are sufficient on their face, the court cannot make further inquiry. United States ex rel. Kaloudis v. Shaughnessy, 2 Cir., 1950, 180 F.2d 489, 490–491.

■ The record reveals that the district court examined and considered the findings of the Regional Commissioner. It concluded that there was no abuse of discretion. Plaintiff has had full benefit of the limited judicial review available to him.

The judgment of the district court is

Affirmed.

2. United States ex rel. Circella v. Sahli, 7 Cir., 1954, 216 F.2d 33. The discretionary power of the Attorney General to act under Section 244 of the Immigration Act was recognized in United States ex rel. Hintopoulos v. Shaughnessy, 1957, 353 U.S. 72, 77, 77 S.Ct. 618, 1 L.Ed.2d 652; Jay v. Boyd, 1956, 351 U.S. 345, 353, 76 S.Ct. 919, 100 L.Ed. 1242.

3. Cf. Namkung v. Boyd, 9 Cir., 1955, 226 F.2d 385, 388–389; United States ex rel. Dolenz v. Shaughnessy, 2 Cir., 1953, 206 F.2d 392, 394–395. For similar procedure under another section, see Jay v. Boyd, 1956, 351 U.S. 345, 352–361, 76 S. Ct. 919, 100 L.Ed. 1242.

4. Dessalernos v. Savoretti, 1958, 356 U.S. 269, 78 S.Ct. 690, 2 L.Ed.2d 751; United States ex rel. Accardi v. Shaughnessy, 1954, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681.

5. Cf. Section 10(c) of the Administrative Procedure Act, 5 U.S.C.A. § 1009.