**Gus POLITIS, Plaintiff,**

v.

**Walter A. SAHLI, District Director of Immigration and Naturalization at Detroit, Michigan, Defendant.**

**Civ. No. 17653.**

United States District Court
E. D. Michigan, S. D.

May 3, 1961.

George W. Crockett, Jr., Goodman, Crockett, Eden & Robb, Detroit, Mich., for plaintiff.

George E. Woods, U. S. Atty., Detroit, Mich., for defendant, Charles Gordon, Regional Counsel for Northwest Region, Immigration & Naturalization Service, St. Paul, Minn., of counsel.

KAESS, District Judge.

The plaintiff was born in Greece on September 24, 1899. He arrived in the United States at Boston, Massachusetts, on September 20, 1916 and acquired United States citizenship through naturalization on April 6, 1942. The citizenship was revoked and set aside on August 20, 1953 on the ground that the naturalization had been fraudulently and illegally procured, because plaintiff had been, prior to his naturalization, a member of the Communist Party and had

failed to disclose such membership at the time he petitioned for naturalization. After a hearing before a Special Inquiry Officer, plaintiff was found deportable under Section 241(a) (6) of the Immigration and Nationality Act, 8 U.S.C.A. § 1251(a) (6), as an alien who had been, after entry, a member of the Communist Party of the United States. On January 6, 1956 the Board of Immigration Appeals dismissed the plaintiff's appeal from the order of the Special Inquiry Officer.

On June 21, 1956 the plaintiff requested a stay of deportation under Section 243(h) of the Immigration and Nationality Act, 8 U.S.C.A. § 1253(h), because of alleged fear of physical persecution if deported. This request was denied by a Special Inquiry Officer on May 6, 1957 after a hearing on the matter, and this decision was upheld on June 21, 1957 by the Regional Commissioner, Northwest Region, of the Immigration and Naturalization Service.

Plaintiff thereafter commenced a review proceeding, challenging the constitutionality of the deportation statute, the adequacy of the evidence of Communist Party membership, and contending that the denial of his request for a stay of deportation was an abuse of discretion. A motion by plaintiff to vacate the denaturalization judgment has been denied by Judge Picard of this district. 24 F.R.D. 401. His decision was affirmed by the United States Court of Appeals for the Sixth Circuit on October 16, 1959, 272 F.2d 709, and on November 21, 1960 the Supreme Court of the United States affirmed the lower courts, 364 U.S. 426, 81 S.Ct. 202, 5 L.Ed.2d 173.

There appears to be no factual issues in dispute and defendant has filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

■■ There is little doubt that the deportation statute is constitutional. See Harisiades v. Shaughnessy, 1952, 342 U.S. 580, 72 S.Ct. 512, 96 L.Ed. 586. Nor is there any doubt that plaintiff satisfies the "meaningful association" test in relation to his Communist Party membership, as defined in Rowoldt v. Perfetto, 1957, 355 U.S. 115, 78 S.Ct. 180, 2 L.Ed. 2d 140. The record shows that plaintiff was an active member of the Communist Party from 1931 to 1938. During this period he was a member of the Greek faction of the Party in Detroit, and at one time was the secretary. The Supreme Court, weighing the evidence of plaintiff's Communist Party membership, declared that "the evidence that petitioner was a 'member of the Party' in every meaningful sense was abundantly shown." 364 U.S. 426, at page 436, 81 S.Ct. 202, at page 208.

■ Section 243(h) of the Immigration and Nationality Act, 8 U.S.C.A. § 1253(h), states that the Attorney General is authorized to withhold deportation of any alien who, in his opinion, would be subject to personal persecution. While proceeding under this Act plaintiff was given every consideration. He was granted full opportunity to present evidence to substantiate his claim and there were written opinions considering all elements, both by the Special Inquiry Officer and the Acting Regional Commissioner. The request to withhold deportation was denied because there was no convincing evidence, as determined by the Special Inquiry Officer and the Regional Commissioner, that plaintiff would be physically persecuted in Greece today for his past activities in the United States. Since the refusal to suspend deportation is fully sufficient on its face, the court must affirm that decision and cannot make further inquiry. Obrenovic v. Pilliod, 1960, 282 F.2d 874.

At the hearing on this motion plaintiff was permitted to amend his complaint in order to allege a heart condition which would cause fatal consequences to plaintiff if the order of deportation were fulfilled. Since this court can only review final administrative orders of the Immigration and Naturalization Service, we cannot pursue this new matter any further. However, this court has been assured that a stay of deportation for this

reason may be given due consideration upon the filing of a proper application under 8 CFR 243(b) (1) with the Service. Therefore we leave this matter to the proper administrative channels.

Therefore the motion for a summary judgment is hereby granted in favor of the defendant.