Peter YING, Wong Chai Liang, Plaintiffs,

v.

William P. ROGERS, Attorney General of the United States, Defendant.

Civ. A. No. 2927–59.

United States District Court
District of Columbia.

Feb. 10, 1960.

Jack Wasserman and David Carliner, Washington, D. C., for plaintiffs.

Oliver Gasch, U. S. Atty., Edward P. Troxell, Principal Asst. U. S. Atty., John F. Doyle, and Robert J. Asman, Asst. U. S. Attys., Washington, D. C., for defendant.

MATTHEWS, District Judge.

This is an action against the Attorney General for a declaratory judgment. The two plaintiffs are nationals and citizens of China who entered the United States as nonimmigrant crewmen, overstayed their authorized time, and were ordered deported. The findings of deportability are not challenged. The defendant has moved for summary judgment and plaintiffs also have so moved.

The warrants of deportation direct that plaintiffs be deported "pursuant to law" but plaintiffs contend that the warrants are void because they do not speci-

fy the country to which plaintiffs are to be deported. It is conceded that each plaintiff received formal notice that the "country to which his deportation has been directed" is "Hong Kong." However, plaintiffs assert that Hong Kong is not a country within the meaning of the Immigration and Nationality Act. These questions of law are the only issues involved.

The act of June 27, 1952, 8 U.S.C.A. § 1253, governs as to the countries to which aliens may be deported. Among these is the "country from which such alien last entered the United States." The Act does not define the word "country". At the time plaintiffs entered the United States they came from Hong Kong, a British Crown Colony, where they had resided for years. The British Consulate General in San Francisco has advised that consent has been granted by the authorities in Hong Kong for the acceptance of plaintiffs as deportees.

In support of their claim that Hong Kong is not a country within the meaning of the Immigration and Nationality Act plaintiffs cite Cheng Fu Sheng v. Rogers, D.C.D.C., 177 F.Supp. 281, 284. The plaintiffs in that case were natives and citizens of China, and in 1952 had entered the United States from Formosa for the purpose of receiving military training with the United States Air Force. They finished their studies but failed to leave. The question was whether they might be deported to Formosa, the government there being willing to receive them. The court pointed out that China ceded Formosa to Japan in 1895, that in the Japanese Peace Treaty effective 1952 Japan renounced all right, title and claim to Formosa, but that neither in that treaty nor in any other has there been any cession to China of Formosa although the United States recognizes the Government of the Republic of China (the Nationalist Government) as the legal government of China and that such government exercises authority over Formosa. Then the court concluded

" * * * that since under existing law, deportation may be effected

only to a specific country, in this instance China, and since Formosa is not regarded by the Department of State as part of China as a country, the plaintiffs may not be deported to Formosa."

This court does not regard the ruling in Sheng as persuasive.

 It is well settled that statutes should be construed, if possible, so as to effectuate the purpose intended and to avoid absurd consequences. Delany v. Moraitis, 4 Cir., 136 F.2d 129, 131. Where language is susceptible of a construction which preserves the usefulness of a statute, the judicial duty rests upon the court to give expression to the intendment of the law. Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 333, 59 S.Ct. 191, 83 L.Ed. 195; United States v. American Trucking Associations, 310 U.S. 534, 543, 60 S.Ct. 1059, 84 L.Ed. 1345.

In the instant case the Government proposes to deport from this country the two alien plaintiffs who are here contrary to our laws and to place them where they were immediately preceding the time they entered the United States, that is, in Hong Kong. This proposal may be carried out if Hong Kong is a "country" under that provision of the Act declaring that deportation of an alien may be made to the "country from which such alien last entered the United States."

A definition of the word "country" was given by the Supreme Court in Burnet v. Chicago Portrait Co., 1932, 285 U.S. 1, 52 S.Ct. 275, 277, 76 L.Ed. 587, as follows:

"The word 'country,' in the expression 'foreign country,' is ambiguous. It may be taken to mean foreign territory or a foreign government. In the sense of territory, it may embrace all the territory subject to a foreign sovereign power. When referring more particularly to a foreign government, it may describe a foreign state in the international sense, that is, one that has the status of an international per-

son with the rights and responsibilities under international law of a member of the family of nations; or it may mean a foreign government which has authority over a particular area or subject-matter, although not an international person but only a component part, or a political subdivision, of the larger international unit. The term 'foreign country' is not a technical or artificial one, and the sense in which it is used in a statute must be determined by reference to the purpose of the particular legislation."

█ The Burnet case concerned the claim of a corporation to an income tax deduction under a law allowing as such deduction part of income taxes paid "to any foreign country." The question involved was whether New South Wales constituted a "foreign country" within the meaning of the applicable law. It was held that New South Wales did so constitute a foreign country. New South Wales then was and is a state of the Commonwealth of Australia. The rationale of the court in Burnet as to the meaning of the word "country" has significance here. The adoption of that rationale in the instant case would meet the requirement that the sense in which language is used in a statute must be determined by reference to the purpose of the particular legislation. Moreover, such adoption would tend to achieve and not to defeat the aims of the 1952 Immigration and Nationality Act.

█ It is the view of this court that Hong Kong is a country within the meaning of the Immigration and Nationality Act of 1952 and that plaintiffs may be deported to Hong Kong.

█ The plaintiffs are not prejudiced by the fact that the warrants of deportation do not specify the place to which they are to be deported as it is clear to plaintiffs and the appropriate authorities that plaintiffs are to be deported to Hong Kong.

The motion of the defendant for summary judgment will be granted and the motion of plaintiffs for summary judgment will be denied.