**WONG LUM, a/k/a Wang Lung,
Plaintiff,**

v.

**P. A. ESPERDY, District Director of the
Immigration and Naturalization Service for the New York District, Defendant.**

United States District Court
S. D. New York.

Aug. 26, 1960.

Samuel Bernstein, New York City, for plaintiff.

S. Hazard Gillespie, Jr., U. S. Atty., New York City, Roy Babitt, Sp. Asst. U. S. Atty., New York City, of counsel, for defendant.

BICKS, District Judge.

*Sub judice* are plaintiff's motion for a preliminary injunction and defendant's cross-motion for summary judgment. The underlying facts are not in dispute.

Plaintiff, a native and citizen of, and last resident in China, entered this country on February 15, 1959, under a temporary landing permit as a non-immigrant crewman. 8 U.S.C.A. § 1282(a). He overstayed the period fixed in said permit and, after a hearing, was ordered deported. Neither deportability nor validity of any of the proceedings upon which that determination rests are challenged. In this action for a declaratory judgment and review of the proceedings, 28 U.S. C.A. § 2201, and 5 U.S.C.A. § 1001 et seq., plaintiff questions the validity only of so much of the order as directs deportation to Formosa.

At the hearing, in accordance with section 243(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1253(a), plaintiff indicated a preference to be deported to Hong Kong. However, the authorities there refused to accept plaintiff as a deportee. Upon due inquiry by the Attorney General, the Consul General of the Republic of China expressed a willingness to accept plaintiff, and on July 18, 1960 issued a passport authorizing his entry into the territory of Formosa (Taiwan).

The thrust of plaintiff's claim is that Formosa is not a "country" within the meaning and intent of section 243(a). The authoritative decisional law is to the contrary. See, e. g., In Rogers v. Cheng Fu Sheng, D.C.Cir.1960, 280 F.2d 663, reversing D.C.D.C.1959, 177 F.Supp. 281, wherein the Court stated:

"Although the term 'country' is used in this and other sections of the Act, Congress has supplied no definition. It must therefore be given its ordinary meaning, consistent with the purposes of the legislation. (Citations omitted.)

\*   \*   \*   \*   \*   \*

"Since Formosa is a well-defined geographical, social and political entity and since there is a government on Formosa which has undisputed control of the island, we think it is a 'country' within the meaning and purposes of the statute. This construction comports with Congress' evident purpose to reduce the number of 'undeportables' by increasing the number of places to which an alien \* \* \* may be sent." Id., 280 F.2d at page 664.

See also, Ying v. Rogers, D.C.D.C.1960, 180 F.Supp. 618.

Defendant's motion for summary judgment is granted. So ordered.