285 F.2d 517
 CHAO-LING WANG, Plaintiff-Appellant,
v.
Alva L. PILLIOD, District Director, Chicago District, United
States Department of Justice, Immigration and
Naturalization Service, Defendant-Appellee.
CHAO-LING WANG, Plaintiff-Appellee,
v.
Alva L. PILLIOD, District Director, Chicago District, United
States Department of Justice, Immigration and
Naturalization Service, Defendant-Appellant.
 Nos. 13032, 13033.
 United States Court of Appeals Seventh Circuit.
 Dec. 27, 1960.
 
 Charles D. Stein, Charles Pressman, Chicago, Ill., for Chao-Ling Wang.
 Robert Tieken, U.S. Atty., Elmer M. Walsh, Jr., Asst. U.S. Atty., Chicago, Ill. (John Peter Lulinski, Asst. U.S. Atty., Chicago, Ill., Charles Gordon, Regional Counsel for Northwest Region, Immigration and Naturalization Service, St. Paul, Minn., of counsel), for Pilliod.
 Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.
 DUFFY, Circuit Judge.
 
 
 1
 Plaintiff is a single male alien who was born in Nanking, China. He is a citizen of the Republic of China whose provisional Capitol is located at Taipei, Taiwan (Formosa). He entered the United States on January 22, 1955, as a Junior Lieutenant of the Chinese Nationalist Navy to participate in a course of military instruction. He had been a member of the Chinese Nationalist Navy since 1945, and an officer since 1951. He completed his training in July, 1955, and was ordered by his superior officers to return to Formosa for duty. He refused to obey this order, and has sought to remain in the United States.
 
 
 2
 On August 31, 1956, plaintiff was ordered deported pursuant to 241(a)(9) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. 1251(a)(9), for failure to comply with the conditions of his status as a foreign government offcial. The order of deportation was appealed to the Board of Immigration Appeals, and the appeal was dismised on the merits. It is conceded that plaintiff is a deportable alien.
 
 
 3
 On March 7, 1957, a warrant of deportation was issued directing plaintiff's deportation 'to England, if that country will accept him; otherwise to Formosa, if that country will accept him or to the mainland of China.' The British Counsul General at Chicago notified plaintiff he would not be permitted to enter the United Kingdom.
 
 
 4
 On March 28, 1957, plaintiff filed a petition under 243(h) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. 1253(h),[1] alleging he will be subject to physical persecution if deported to either China or Formosa.
 
 
 5
 The Special Inquirty Officer recommended that plaintiff should be granted a stay of deportation to the mainland of China. The officer then discussed the political situation in Formosa, and considered the testimony given by the applicant and Dr. Wu, a former Governor of Formosa. The Government did not offer any evidence. The officer concluded that Formosa was not a police state, and recommended the application to withhold deportation to Formosa be denied. The officer made some reference to articles by prominent foreign news correspondents printed in United States newspapers, but did not identify these articles.
 
 
 6
 The designate of the Attorney General was the Regional Commissioner for the Northwest Region. It was this officer who had the authority to pass upon plaintiff's petition that deportation be withheld. This officer discussed the evidence that had been taken before the Inquiry Officer, but specifically stated that certain newspaper articles mentioned by the Special Inquiry Officer were ignored in arriving at his (the Commissioner's) decision. He agreed with the recommendation of the Inquiry Officer that deportation to the China mainland should be withheld, but he found that the applicant had not established that he would be subject to physical persecution if deported to Formosa.
 
 
 7
 The District Court overruled the contention of plaintiff that Formosa is not a 'country' to which an alien may be deported within the meaning of 243(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. 1253(a). Plaintiff appeals from that part of the District Court's order.
 
 
 8
 The District Court further held that the order of the Attorney General refusing to withhold deportation to Formosa is 'unsupported by substantial evidence.' The Court also made a finding 'That the failure of the Attorney General or his delegate to introduce at plaintiff's interrogation any other pertinent evidence or available information in denying plaintiff's petition to withhold deportation to Formosa * * * constitutes a denial of due process of law guaranteed plaintiff by the Fifth Amendment of the Constitution of the United States.'
 
 
 9
 The Court ordered the cause be remanded to the Immigration and Naturalization Service for the purpose of taking further action in conformity with the Court's findings and orders, and the District Director of the Immigration and Naturalization Service was enjoined from taking any further action to deport plaintiff to Formosa until the further order of the Court. The District Director appeals from that part of the order of the District Court denying defendant's motion to dismiss and for summary judgment as to Count I,[2] and rmanding the cause for further action in conformity with the findings and orders of the Court.
 
 
 10
 No provision was made in the Immigration Act for the administration of the provisions of 243(h), 8 U.S.C.A. 1253(h), but under the authority granted in 8 U.S.C.A. 1103, a procedure was established which is found at 8 C.F.R.Rev.1958, 243.3(b)(2). This provides for an interrogation wherein 'The alien may submit any evidence in support of his claim which he believes should be considered by the special inquiry officer.' This officer then provides a memorandum of findings, and makes a recommendation to which the alien may file exceptions. The authority of the Attorney General to withhold deportation is delegated to the 'regional commissioner upon consideration of all the evidence submitted by the alien and any other pertinent evidence or available information.' We have heretofore held that this procedure satisfies the requirements of procedural due process. United States ex rel. Cantisani v. Holton, 7 Cir., 248 F.2d 737, 739; and Kam Ng v. Pilliod, 7 Cir., 279 F.2d 207, 210.
 
 
 11
 The District Court was correct in holding Formosa is a 'country' to which an alien can be deported within the meaning of 243(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. 1253(a). Rogers v. Cheng Fu Sheng, 108 U.S.App.D.C. 115, 280 F.2d 663.
 
 
 12
 When the District Court held the order of the designate of the Attorney General, refusing to withhold deportation, was unsupported by substantial evidence, it applied the wrong legal standard. Under 243(h), 8 U.S.C.A. 1253(h), the Attorney General or his designate has wide discretionary powers, and courts should not substitute their judgment for his. In such a situation, it is not a question of whether substantial evidence supports the order. We must examine the record to determine whether the alien had a fair opportunity to present his case; whether the Attorney General or his designate has exercised his discretion; whether the order is sufficient on its face, and whether there has been an error of law.
 
 
 13
 In United States ex rel. Dolenz v. Shaughnessy, 2 Cir., 206 F.2d 392, 394-395, the court said: 'That section[3] modified the language of the former statute in a manner which shows clearly, we think, that the withholding of deportation in cases where the alien fears persecution rests wholly in the administrative judgment and 'opinion' of the Attorney General or his delegate. The courts may not substitute their judgment for his.' The court quoted from Chicago & Southern Air Lines, Inc. v. Waterman Steamship Corp., 333 U.S. 103, 111, 68 S.Ct. 431, 436, 92 L.Ed. 568, 'But even if courts could require full disclosure, the very nature of executive decisions as to foreign policy is political, not judicial.'
 
 
 14
 It is quite likely that plaintiff might be prosecuted by a military court martial following his return to Formosa as his refusal to return to Formosa was in violation of the armed forces criminal code. A bill of indictment has been issued by the Military Procurator, Chinese Navy, which charges plaintiff with violation of Article 64(c) and 93(c) of the Armed Forces Criminal Code (China).
 
 
 15
 A prosecution before a military tribunal convened pursuant to laws of a foreigh state to try offenses committed by a member of the military forces of that country, cannot be construed to be physical persecution under the statute hereinbefore quoted.
 
 
 16
 Plaintiff cites cases which were concerned with deportation hearings. It is apparent the District Court attempted to equate the procedure adopted for use in holding discretionary hearings with that followed in a deportation hearing. However, the situations are entirely different. A deportation hearing is an adversary hearing. The statute[4] provides: '* * * no decision of deportability shall be valid unless it is based upon reasonable, substantial, and probative evidence.' In contrast, 243(h) authorizes the Attorney General to withhold deportation of an alien if, in the opinion of the Attorney General, the alien would be subject to physical persecution.
 
 
 17
 In United States ex rel. Kaloudis v. Shaughnessy, 2 Cir., 180 F.2d 489, the court said, page 491, 'The power of the Attorney General to suspend deportation is a dispensing power, like a judge's power to suspend the execution of a sentence, or the President's to pardon a convict. It is a matter of grace * * *.'
 
 
 18
 In United States ex rel. Dolenz v. Shaughnessy, 2 Cir., 200 F.2d 288, the plaintiff claimed he feared personal persecution if returned to Yugoslavia. Plaintiff there urged that procedure applicable to deportation proceedings apply where an alien sought discretionary relief. The Court rejected this contention observing, at 291, 'Judicial review is, consequently, limited to whether the procedure was essentially fair.'
 
 
 19
 We find plaintiff had a fair opportunity to present his case; that the Attorney General's designate exercised his discretion, and the order was sufficient on its face. We discover no error of law. The plaintiff has not been deied procedural due process. It follows that judgment of the District Court as to Count I of the complaint herein must be and is reversed, and the cause remanded to the District Court for further review according to law. The judgment of the District Court as to Count II is affirmed.
 
 
 20
 Reversed in part.
 
 
 21
 Affirmed in part.
 
 
 
 [1]
 8 U.S.C.A. 1253(h) provides: 'The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to physical persecution and for such period of time as he deems to be necessary for such reason.'
 
 
 [2]
 Count I is the original complaint alleging an abuse of discretion by the Regional Commissioner. The complaint was amended by adding Count II alleging plaintiff could not be deported to Formosa as it was not a 'country' under 243(a), 8 U.S.C.A. 1253(a)
 
 
 [3]
 243(h), 8 U.S.C.A. 1253(h)
 
 
 [4]
 Section 242(b) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. 1252(b)