**Frano BATISTIC, Plaintiff-Appellant,**

v.

**Alva L. PILLIOD, District Director, Chicago District, United States Department of Justice, Immigration and Naturalization Service, Defendant-Appellee.**

**No. 13104.**

United States Court of Appeals
Seventh Circuit.

Jan. 13, 1961.

Rehearing Denied En Banc
Feb. 10, 1961.

Charles I. Calisoff, Chicago, Ill., Canel & Canel, Leonard A. Canel, Chicago, Ill., of counsel, for appellant.

Robert Tieken, U. S. Atty., Elmer M. Walsh, Attorney, Chicago, Ill., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., of counsel, for appellee.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

HASTINGS, Chief Judge.

Plaintiff is a 19-year old single male alien who is a native and citizen of Yugoslavia. He was admitted into the United States on April 14, 1958 as a non-immigrant visitor for pleasure for the purpose of visiting his uncle. He failed to depart upon the expiration of his visa and is now living here with relatives.

On January 26, 1959, plaintiff was ordered deported pursuant to Section 241 (a) (2) of the Immigration and Nationality Act, 8 U.S.C.A. § 1251, on the ground that after admission as a non-immigrant visitor, he had remained longer than permitted. His deportation was directed to Yugoslavia. Plaintiff's order of deportation was not judicially appealed, and it is conceded that he is a deportable alien.

On January 29, 1959, plaintiff filed an application to withhold deportation under Section 243(h) of the Immigration and Nationality Act, 8 U.S.C.A. § 1253, alleging that he will be physically persecuted if deported to Yugoslavia because of his religious and political beliefs. An interrogation on plaintiff's application was held on February 25, 1959 before a Special Inquiry Officer of the Immigration Service who recommended that the application be denied. The Special Inquiry Officer's recommendation was forwarded to the Regional Commissioner of the Immigration and Naturalization Service for decision. On April 21, 1959, the Regional Commissioner denied plaintiff's application.

On May 6, 1959, plaintiff filed his complaint for declaratory judgment in the district court seeking judicial review of the Regional Commissioner's order. On September 8, 1959, defendant[1] filed his motion for summary judgment with a certified record of the proceedings before the Immigration and Naturalization Service. On April 4, 1960, the district court granted defendant's motion for summary judgment. This appeal followed.

We are asked to determine whether the administrative discretion here was exercised in an arbitrary and capricious manner so as to deprive plaintiff of due process of law.

Plaintiff was present at the interrogation, represented by counsel, examined by the Special Inquiry Officer and presented three witnesses on his behalf. Plaintiff testified that he is a Roman Catholic and that it was well known that both he and his family are anti-communists. Although plaintiff always attended religious services, he was never at any time physically persecuted in Yugoslavia for his religious practices and belief. His father was issued a passport, permitted to visit the United States and subsequently returned to Yugoslavia. There was no claim that he has been physically persecuted since his return. In addition, plaintiff claimed that he will be taken into military service on his return to Yugoslavia and that he will be punished by assignment for army duty in the worst place in that country. Upon consideration of all the testimony, the Special Inquiry Officer concluded that plaintiff will not be physically persecuted if deported to Yugoslavia at this time. Both the Special Inquiry Officer and the Regional Commissioner (in his affirmance) filed written memoranda of their determinations.

We have examined the record before us and find that plaintiff was granted a proper hearing and had a fair opportunity to present his case; that the Attorney General's designate properly exercised his discretion and the order was sufficient on its face; that there was no error of law in the proceedings below; that the court cannot substitute its judgment for that of the Attorney General; and that plaintiff has not been denied procedural due process.

The principles governing these findings have been fully reviewed in recent decisions of this court and need not be restated here. See Chao-Ling Wang v. Pilliod, 7 Cir., 1960, 285 F.2d 517; Obrenovic v. Pilliod, 7 Cir., 1960, 282 F.2d 874; Kam Ng v. Pilliod, 7 Cir., 1960, 279 F.2d 207; and cases cited therein.

The well-considered memorandum opinion of the district court,[2] with its findings of fact and conclusions of law, demonstrates that plaintiff has had full benefit of the limited judicial review available to him.

The judgment of the district court is affirmed.

Affirmed.

1. Alva L. Pilliod, District Director, Chicago District, United States Department of Justice, Immigration and Naturalization Service.

2. Batistic v. Pilliod, D.C.E.D.Ill.1960, 188 F.Supp. 344.