DAI MING SHIH et al., Appellants,

v.

Robert F. KENNEDY, Attorney General
of the United States, Appellee.

No. 16426.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 30, 1961.

Decided Nov. 30, 1961.

Mr. David Carliner, Washington, D. C., with whom Mr. Jack Wasserman, Washington, D. C., was on the brief, for appellants.

Mr. Abbott A. Leban, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Charles T. Duncan, Principal Asst. U. S. Atty., Gil Zimmerman, Special Asst. U. S. Atty., and Edmond F. McKeown, Jr., Asst. U. S. Atty., were on the brief, for appellee.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

This is a deportation case, The aliens admittedly are in this country illegally. They were served with warrants of deportation which did not name the country to which they were to be deported, but simply stated that they were to be deported "pursuant to law." They were later notified that they were to be deported to Formosa. In their suit in the District Court they alleged that they were each "subjects, nationals, or citizens of China," and sought injunctive and declaratory relief against their deportation to Formosa. The District Court dismissed the complaint and granted the defendant-appellee's motion for summary judgment.

The governing statutory provisions are those of Section 243(a) of the Immigration and Nationality Act, 66 Stat. 212 (1952), 8 U.S.C. § 1253(a) (1958), reading in pertinent part:

"§ 1253. Countries to which aliens shall be deported.

"(a) Acceptance by designated country; deportation upon nonacceptance by country.

"The deportation of an alien in the United States provided for in this Act or any other Act or treaty, shall be directed by the Attorney General to a country promptly designated by the alien if that country is willing to accept him into its territory, unless the Attorney General, in his discretion, concludes that deportation to such country would be prejudicial to the interests of the United States. * * * If the government of the country designated by the alien fails finally to advise the Attorney General within three months following original inquiry whether that government will or will not accept such alien into its territory, such designation may thereafter be disregarded. *Thereupon deportation of such alien shall be directed to any country of*

*which such alien is a subject, national, or citizen if such country is willing to accept him into its territory."* (Emphasis supplied.)

■ Appellants argue that Formosa is not the country of which they are "subjects, nationals, or citizens," within the meaning of the emphasized portion of the quoted provisions;[1] that Formosa is not the "territory" of the Republic of China within the meaning of those provisions; and that the phrase "its territory" means sovereign rather than de facto territory. We think that the complaint must be construed to mean—and appellants' counsel does not urge the contrary—that appellants are "subjects, nationals, or citizens" of the Republic of China. We have held that Formosa is a "country" to which subjects, nationals or citizens of the Republic of China may be deported. Rogers v. Cheng Fu Sheng, 108 U.S.App. D.C. 115, 280 F.2d 663, cert. denied 364 U.S. 891, 81 S.Ct. 222, 5 L.Ed.2d 187 (1960). The statutory phrase "its territory," as applied to the relationship between the Republic of China and Formosa, does not—for reasons akin to those given in the Cheng Fu Sheng case—lead to any contrary result. Cf. United States ex rel. Leong Choy Moon v. Shaughnessy, 218 F.2d 316 at 318, 320 (2d Cir.1954); Chao-Ling Wang v. Pilliod, 285 F.2d 517 (7th Cir.1960); Liang v. U. S. Department of Justice, etc., 290 F.2d 614 (9th Cir.1961); Wong Lum v. Esperdy, 187 F.Supp. 95 (S.D.N.Y.1960).

■ Appellants also urge that the warrants of deportation are void for failure to specify the country to which they are to be deported. This point must be rejected, for the reasons given in Ying v. Kennedy, 110 U.S.App.D.C. 247, 292 F.2d 740, cert. denied, 82 S.Ct. 193 (1961).

The order of the District Court will accordingly be

Affirmed.

---

1. The aliens did not designate the country to which deportation should be made, and accordingly both parties agree that the sentence in italics governs the present case.