**Sime SORIC, also known as Sam Soric,**
**Plaintiff-Appellant,**

v.

**W. T. FLAGG, District Director, Chicago District, Immigration and Naturalization Service, United States Department of Justice, Defendants-Appellee.**

**No. 13600.**

United States Court of Appeals
Seventh Circuit.

May 23, 1962.

Nathan T. Notkin, Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty., John Powers Crowley, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Atty., of counsel, for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and SWYGERT, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Sime Soric, also known as Sam Soric, plaintiff, has appealed from an order of the district court granting the motion of W. T. Flagg, district director, Chicago district, Immigration and Naturalization Service, United States Department of Justice, defendant, for summary judgment and dismissing plaintiff's petition [complaint].

The evidence heard in the administrative proceedings contained in the record shows that plaintiff, a native of Yugoslavia, entered the United States as a crewman at Houston, Texas, on October 2, 1955 and did not depart with his ship. On June 13, 1960 he was ordered deported to Yugoslavia because he overstayed his crewman's pass. Relying on § 243 (h) of the Immigration and Naturalization Act, 8 U.S.C.A. 1253(h), plaintiff filed a petition to withhold deportation.

Section 243(h) provides:

"The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to physical persecution and for such period of time as he deems to be necessary for such reason."

It is plaintiff's contention that his evidence was to the effect that he was being sought for his anti-Communist views and that he had been denied employment in 1955 and thereafter because of his opposition to Communism and because of his refusal to join the Communist Party.

There is no contention that the Attorney General has acted to withhold the deportation of plaintiff, pursuant to § 243 (h). Indeed there is no contention that plaintiff was not given an opportunity to present his case. But plaintiff seems to insist that the Attorney General abused his discretion in not withholding deportation.

 Absent an abuse of discretion, it is well-settled in this court that we cannot substitute our judgment for that of the Attorney General. Kam Ng v. Pilliod, 7 Cir., 279 F.2d 207; Obrenovic v. Pilliod, 7 Cir., 282 F.2d 874; Petrovic v. Pilliod, 7 Cir., 282 F.2d 877; and Batistic v. Pilliod, 7 Cir., 286 F.2d 268.

However, plaintiff argues that he has proved that he would be subject to economic persecution because of his political opinions and that such persecution is equivalent to physical persecution within the meaning of the Act.

The government agrees that economic sanctions so severe as to deprive a person of all means of earning a livelihood may amount to physical persecution.

There is evidence that he was working in Yugoslavia "on board the ship" and that because he was "anti-Communist" "they make it difficult for you and they eventually discharge you from any work" and that plaintiff testified

"I do not know why they didn't take me off before, but they would take off everybody that would not join their party and listen to them and agree with them. They did not care whether we could make a living or not."

We agree with the Government that, read in context, this evidence indicates that employment on a ship was being referred to. It does not follow that all types of employment were closed to him.

While standing alone this was a showing that there was discrimination in employment upon ships (which understandably might sail from Yugoslavian territory), there was no evidence of a denial of all types of employment. We

agree that this evidence does not constitute proof of physical persecution, as those words are used in the Act. To the same effect, see Diminich v. Esperdy, 2 Cir., 299 F.2d 244, cert. denied 82 S.Ct. 875; and Blazina v. Bouchard, 3 Cir., 286 F.2d 507, cert. denied 366 U.S. 950, 81 S.Ct. 1904, 6 L.Ed.2d 1242. We find nothing in Dunat v. Hurney, 3 Cir., 297 F.2d 744, which is inconsistent with our holding in this case.

We, therefore, conclude that no error of law was committed at the administrative levels nor by the district court, that no showing of abuse of discretion by the Attorney General has been shown, and accordingly the order from which this appeal was taken must be affirmed.

Order affirmed.