**Jakov BLAGAIC, Plaintiff-Petitioner,**

v.

**W. T. FLAGG, District Director, Chicago District, Immigration and Naturalization Service, Defendant-Respondent.**

No. 13581.

United States Court of Appeals
Seventh Circuit.

June 15, 1962.

Nathan T. Notkin, Chicago, Ill., for petitioner.

James P. O'Brien, U. S. Atty., John Powers Crowley, Asst. U. S. Atty., Chicago, Ill., for respondent, John Peter Lulinski, Asst. U. S. Atty., of counsel.

Before KNOCH, CASTLE and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Petitioner, Jakov Blagaich,[1] seeks review of a decision of the Regional Commissioner of the Immigration and Naturalization Service denying his application for a stay of deportation pursuant to Section 243(h) of the Immigration and Nationality Act, 8 U.S.C.A. § 1253 (h).[2]

Petitioner is a native of Yugoslavia who entered the United States on April 29, 1956 at Philadelphia as a crewman aboard the S. S. Kosmaj. He was given a twenty-nine days' leave but did not return to his ship at the expiration of his leave.

A deportation hearing was had and petitioner was ordered deported in April, 1957 on the ground that he had remained in the United States longer than his visa permitted. The propriety of the order of deportation is not questioned in this appeal.

After petitioner was ordered deported he applied for a withholding of deportation under Section 1253(h) on the ground that if returned to Yugoslavia, he would be subject to physical persecution because of his religion and his political opinions.

On October 14, 1957 the Special Inquiry Officer of the Immigration and Naturalization Service recommended that deportation be withheld. On June 18, 1958 the Regional Commissioner, however, overruled the decision of the Special Inquiry Officer and denied petitioner's application for withholding of deportation.

Petitioner commenced the present action for review of the Commissioner's decision August 25, 1961 in the United States District Court for the Northern District of Illinois. On December 4, 1961 the case was transferred, on the government's motion, to this Court pursuant to Section 5(b) of Pub.L. 87–301, 8 U.S.C.A. § 1105a, Note.

We are met at the outset with the question whether this Court has jurisdiction to review initially the Regional Commissioner's decision.

A new section of the Immigration and Nationality Act, Section 106, was enacted by Congress September 26, 1961 as an amendment to the Act. (Section 5(a), Pub.L. 87–301), 8 U.S.C.A. § 1105a. This amendment became effective October 26, 1961 in accordance with the provisions of Section 5(b) of Pub.L. 87–301.

---

1. Although plaintiff is referred to in the proceedings before this Court as Jakov Blagaic, it appears from the administrative proceedings and from his signature appearing in the administrative file that the spelling of the name is Blagaich.

2. Section 1253(h) provides:
   "(h) The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to physical persecution and for such period of time as he deems to be necessary for such reason."

■ The purpose of the amendment was to eliminate delay in reviewing deportation orders by providing for review initially by courts of appeals rather than by district courts except in criminal prosecutions under certain circumstances and in habeas corpus proceedings.[3] This was accomplished by providing under Section 1105a that the procedure prescribed by 5 U.S.C.A. §§ 1031–1042 shall be "the sole and exclusive procedure for, the judicial review of all final orders of deportation heretofore or hereafter made against aliens within the United States pursuant to administrative proceedings under section 1252(b) of this title * * *" [8 U.S.C.A.]. 5 U.S.C.A. §§ 1031–1042 provide for the initial judicial review by courts of appeals of specified administrative final orders issued by certain administrative agencies such as the Federal Power Commission, the Secretary of Agriculture, the United States Maritime Commission, and the Atomic Energy Commission.

The government contends this Court lacks jurisdiction to review the Regional Commissioner's ruling initially because the denial of petitioner's application to withhold deportation was made pursuant to administrative proceedings under 8 U.S.C.A. § 1253(h), not under 8 U.S.C.A. § 1252(b)[4], and therefore the denial of a stay was not a final order of deportation.

Petitioner admits that the language of the statute refers to "final orders of deportation," but contends that the intent of Congress in enacting Section 1105a was to minimize delays in obtaining the deportation of persons who use the machinery of the courts to delay their ultimate deportation. Consequently, it is argued that Congress must have intended that the courts of appeals have initial jurisdiction to review denials of discretionary relief from deportation as well as final orders of deportation.

The language of Section 1105a is clear and unambiguous. Jurisdiction now lies initially in the courts of appeals to review "final orders of deportation" made pursuant to 8 U.S.C.A. § 1252(b). We think, however, that the review provisions of Section 1105a should not be given the narrow interpretation that the government contends for.

While it is true that the only question is whether the Attorney General has abused his discretion in refusing to withhold deportation under the provisions of Section 1253(h), this question involves the execution or suspension of the deportation order, and therefore it is ancillary to the order. If the withholding of deportation is not granted, petitioner will be deported; thus, in a realistic sense the denial of a stay is a part of the deportation order.

■ Section 1253(h) is only applicable after a final order of deportation has been issued and therefore is pari materia with Section 1252(b). This is true even though the request for a stay of deportation under 1253(h) involves different questions of fact and law from those under 1252(b),[5] and until recently was determined by the Immigration and Naturalization Service in a separate proceeding under the applicable regulation.[6]

3. H.R.Rep. No. 1086. 87th Cong., 1st Sess. 15 (1961), U.S.Code Cong. and Admin. News 1961, p. 2950 et seq.

4. Section 1252(b) prescribes the "sole and exclusive procedure for determining the deportability of an alien under this section."

5. Cf. Chao-Ling Wang v. Pilliod, 7 Cir., 285 F.2d 517.

6. 8 C.F.R. § 243.3(b) (2) provides in part: "If the request for a stay of deportation is predicated upon a claim by the alien that he would be subject to physical persecution if deported to the country designated by the Service, he shall be requested, upon notice, to appear before a special inquiry officer for interrogation under oath. * * * Upon completion of the interrogation, the special inquiry officer shall prepare a written memorandum of his findings and a recommendation which shall be forwarded to the regional commissioner together with all the evidence and information submitted by the alien or which may be applicable to the case. * * *"

The issuance by the Immigration and Naturalization Service of a new regulation [7] by reason of which it asserts determinations of the Attorney General under Section 1253(h) now come within the review provisions of Section 1105a impairs the government's argument that this Court is without jurisdiction in the instant case. It is neither logical nor in accordance with recognized rules of statutory interpretation, we think, to hold that by merely changing the regulation governing the administrative proceeding under 1253(h) the courts of appeals now have initial review jurisdiction which they did not possess before the change in the regulation.

Thus, while a change in the regulation governing the proceeding under 1253(h) does not give this Court jurisdiction if it had none before, such change indicates that the government likewise now views the discretionary proceedings under 1253(h) as being ancillary to the deportation proceedings under 1252(b).

We hold that this Court has jurisdiction by reason of 8 U.S.C.A. § 1105a to initially review the action of the Regional Commissioner of the Immigration and Naturalization Service in denying petitioner's application for a stay of deportation.

Going to the merits of the review, the question presented is: Did the Regional Commissioner acting in behalf of the Attorney General abuse the discretion allowed him in determining the application for a stay? As we recently said in Soric v. Flagg, 7 Cir., 303 F.2d 289, "Absent an abuse of discretion, it is well-settled in this court that we cannot substitute our judgment for that of the Attorney General."

The record shows that petitioner was born in 1913 and always resided in Yugoslavia. He had been a seaman since 1938. He testified that from 1946 to 1953 he was unable to obtain employment as a seaman because he was employed on a ship during the war while "the partisans were fighting for the cause and [they] now needed employment;" that from 1946 to 1953 he worked on his father's farm; and that beginning in 1953 he was continuously employed as a seaman on a Yugoslav ship until he deserted the S. S. Kosmaj in 1956.

Petitioner claims that he will be physically persecuted if deported to his native country because: (1) he attends church; (2) he is opposed to the Communist Party and is not a member; and (3) he deserted his vessel in the United States.

The Regional Commissioner found that while it is an established fact that the Government of Yugoslavia is completely under the domination of the Communist Party, yet the churches throughout the country are open for public worship. Petitioner testified that

7. The government's brief contains the following statement:

"The regulations have recently been revised to have such determinations made hereafter as part of the proceedings under 8 U.S.C. 1252(b) for the determination of deportability. See 8 C.F.R. 242.-17(c), effective January 22, 1962, 26 Fed. Reg. 12112 (December 19, 1961). Determinations of this sort made prior to January 22, 1962, are not affected by the new regulations, 26 Fed.Reg. 12111."

The new regulation reads in part:

"(c) *Temporary withholding of deportation.*

The special inquiry officer shall notify the respondent that if he is finally ordered deported his deportation will in the first instance be directed pursuant to section 243(a) of the Act to the country desig-nated by him and shall afford the respondent an opportunity then and there to make such designation. The special inquiry officer shall then specify and state for the record the country, or countries in the alternate, to which respondent's deportation will be directed pursuant to section 243(a) of the Act if the country of his designation will not accept him into its territory, or fails to furnish timely notice of acceptance, or the respondent declines to designate a country. The respondent shall be advised that pursuant to section 243(h) of the Act he may apply for temporary withholding of deportation to the country or countries specified by the special inquiry officer and may be granted not more than ten days in which to submit his application. * * * "

while he was in Yugoslavia from 1946 to 1953 he always attended church whenever it was "humanly possible and when I was healthy" and that "nothing ever happened to me for reasons for going to church. * * *"

■ Petitioner testified that he refused to attend Communist Party meetings on board ship and that he was warned by the chief engineer that the captain had said that he was going to discharge the petitioner and turn him over to the authorities when the ship returned to Yugoslavia because he refused to join the Communist Party aboard ship; that by reason of these facts he deserted his ship and is now convinced that his deportation to Yugoslavia will result in physical persecution. The Commissioner in his decision recognized that petitioner was threatened with the loss of his position as a seaman, but he went on to hold that "economic sanctions applied against those not members of the controlling clique in a country whose economic system is completely and rigidly state-controlled is not physical persecution."

As we said in Soric, because he was threatened with loss of his job as a seaman "[I]t does not follow that all types of employment were closed to him." For reasons developed in Soric, we believe the Regional Commissioner's ruling on this point was not an abuse of discretion.

■ Lastly, as the Regional Commissioner points out in his decision, petitioner's claim to fear of physical persecution because of his desertion from his ship is not the basis for a stay. Whether such desertion is an offense under Yugoslav law is irrelevant, because punishment for a non-political crime is not the kind of physical persecution to which the statute permitting stays of deportation applies.

We hold that there was no abuse of discretion in denying the application for a stay of the deportation order and that the decision of the Regional Commissioner should be affirmed.

Order affirmed.