**MAI KAI FONG, also known as Yee Wing Young, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 17723.**

United States Court of Appeals Ninth Circuit.

June 28, 1962.

Salvatore C. J. Fusco, San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., and Charles E. Collett, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY, MERRILL and DUNIWAY, Circuit Judges.

HAMLEY, Circuit Judge.

This matter is before us on a petition to review a final order of deportation, and three subsequent orders or notices directing that the deportation be to Hong Kong, and advising when and where the petitioner should report for such deportation.

Petitioner, a native of China, entered the United States fraudulently under a false name on February 22, 1952. More than five years later deportation proceedings were instituted against him. In these proceedings a special inquiry officer of the Immigration and Naturalization Service on September 18, 1957, ordered deportation of petitioner under section 241(a) (1) of the Immigration and Nationality Act (Act), 8 U.S.C.A. § 1251(a) (1).

On the day on which the deportation order was entered petitioner was notified in writing that his deportation to China had been directed. Pursuant to section 243 of the Act, 8 U.S.C.A. § 1253, petitioner applied for a stay of deportation on the ground that if deported to China he would be subject to physical persecution. Deportation was thereupon withheld.

On August 14, 1961, petitioner was advised in writing by the Immigration and Naturalization Service that his deportation to "The United Kingdom to wit: The British Crown Colony of Hong Kong," had been directed. In the same writing he was advised that this notice replaced the notice of September 18, 1957, advising that his deportation to China had been directed. In another written notice dated August 14, 1961, petitioner was advised that arrangements had been made for his deportation to Hong Kong on September 15, 1961, and that he should report at a specified place on September 14, 1961, completely ready for deportation.

On September 12, 1961, petitioner commenced a civil action against the Attorney General of the United States in the United States District Court for the District of Columbia. Michael Yee aka Fong Mai Kai v. Robert F. Kennedy, Civil Action No. 3002-61. He therein sought a judgment declaring that (1) the warrant of deportation is void in that it fails to specify the country to which plaintiff shall be deported; and (2) petitioner may not be deported to a place "other than a country." Petitioner was

then notified that because of the pendency of that suit, the notice for him to report for deportation on September 14, 1961, had been withdrawn.

On September 20, 1961, counsel for petitioner in the District of Columbia case formally stipulated that the determination of that case would be governed by the determination of the issues in Ying et al. v. Rogers, 180 F.Supp. 618, which had been instituted in the District Court for the District of Columbia. It was recited in this stipulation that " * * * in the event the result in Ying is adverse to plaintiff, no further issues will be raised and no other action will be filed in this or any other court respecting deportation of plaintiff."

The "result" referred to in this stipulation was to be manifested by the action of the Supreme Court of the United States on a petition for certiorari then pending before it in the Ying case. A judgment against Ying, this being adverse to petitioner's position, had already been entered in the District Court and had already been affirmed by the Court of Appeals for the District of Columbia. Ying v. Rogers, D.C., 180 F.Supp. 618, decided February 10, 1960, affirmed *sub nom* Ying v. Kennedy, 110 U.S.App.D.C. 247, 292 F.2d 740, decided April 27, 1961.

Certiorari in the Ying case was denied on November 13, 1961. Ying v. Kennedy, 368 U.S. 914, 82 S.Ct. 193, 7 L.Ed.2d 130. Consistent with the stipulation a consent judgment was entered on December 13, 1961, in petitioner's District of Columbia action, dismissing that action with prejudice.

On January 8, 1962, petitioner was notified in writing by the Immigration and Naturalization Service that arrangements had been made for his deportation to Hong Kong on January 23, 1962, and that he should report at a specified place on January 22, 1962, completely ready for deportation. He was also advised in this notice that he would travel from San Francisco to Manila, Philippine Islands on a vessel, the U.S.N.S. Mann, and then would be flown to Hong Kong.

Employing new counsel who were apparently unaware of petitioner's District of Columbia action, petitioner filed the instant petition in this court on January 19, 1962. He therein seeks review of the two notices of August 14, 1961 and the notice of January 8, 1962, all of which he terms "orders." He also seems to be seeking a review of the deportation order of September 18, 1957, although this is not altogether clear from the petition.

The jurisdiction of this court was sought to be invoked under section 106 of the Act, 8 U.S.C.A. § 1105a. Under section 106(a), 8 U.S.C.A. § 1105a(a), all final orders of deportation made pursuant to section 242(b) of that Act, 8 U.S. C.A. § 1252(b), are to be reviewed by Courts of Appeals pursuant to the procedure prescribed in the Act of December 29, 1950, as amended, 5 U.S.C.A. §§ 1031–1042. See Fleuti v. Rosenberg, 9 Cir., 302 F.2d 652, decided April 17, 1962, note 1.

For the reasons indicated below, we do not have jurisdiction to review the deportation order of September 18, 1957, or the notices of August 14, 1961 and January 8, 1962.

■ There are two reasons why we do not have jurisdiction to review the deportation order of September 18, 1957. The first of these is that, considered in the light of the stipulation referred to above, the judgment of dismissal with prejudice entered in petitioner's District of Columbia action constitutes an adjudication that this order is valid.

Under section 106(c) of the Act, 8 U. S.C.A. § 1105a(c), a petition for review may not be entertained if the validity of the order has been previously determined in any civil or criminal proceeding. This jurisdictional limitation is not to be applied if the petitioner presents grounds which the court finds could not have been presented in such prior proceeding, or the court finds that the remedy provided by such prior proceeding was inadequate or ineffective to test the validity of the order. The grounds on which petitioner now relies in attacking the 1957 order

242

could have been presented in the prior proceeding. The remedy available in the prior proceeding if such grounds had been presented and sustained, would have been adequate and effective.

The second reason why we do not have jurisdiction to review the 1957 deportation order is that petitioner did not exhaust the administrative remedies available to him as of right under the immigration laws and regulations.

It is provided in section 106(c) of the Act, 8 U.S.C., § 1105a(c), that an order of deportation or of exclusion shall not be reviewed by any court " * * * if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations * * *." See Siaba-Fernandez v. Rosenberg, 9 Cir., 302 F.2d 139, decided April 11, 1962, construing and applying this statutory provision.

On September 18, 1957, when the special inquiry officer ordered petitioner's deportation there was in affect a regulation entitling him to appeal from that decision to the Board of Immigration Appeals. See C.F.R., § 242.21(b), as promulgated on January 6, 1956 (1957 Cumulative Pocket Supplement to Revised 1952 edition of Code of Federal Regulations). Petitioner did not take such an appeal and the decision of the special inquiry officer carries the notation that he waived an appeal.

There are likewise two reasons why we do not have jurisdiction to review the notices of August 14, 1961. The first of these is the same as the first reason stated above why we do not have jurisdiction to review the deportation order of September 18, 1957. The validity of such orders has previously been determined in a judicial proceeding and the exception to such restriction on our jurisdiction is inapplicable.

The second reason why we do not have jurisdiction to review the August 14, 1961 notices, is that they are not "final orders of deportation" made against an alien pursuant to administrative proceedings under 8 U.S.C.A. § 1252

(b). Instead, they are at most orders made pursuant to 8 U.S.C.A., § 1253, subsequent to entry of the final order of deportation under § 1252(b).

Only final orders of deportation are subject to direct review in courts of appeals pursuant to 8 U.S.C.A., § 1105a (a). See Giova v. Rosenberg, 9 Cir., 308 F.2d 347, decided June 15, 1962.

The reason just stated for lack of jurisdiction to review the notices of August 14, 1961 is likewise applicable to the notice of January 8, 1962. Moreover, since the latter notice was no more than a renewal of the notice of August 14, 1961, advising petitioner that his deportation to Hong Kong had been directed, the validity thereof was in effect adjudicated in the District of Columbia proceeding. Petitioner's contention that the January 8, 1962 notice requires that he be deported to the Philippine Islands is frivolous. The notice advises that he is to be deported to Hong Kong via Manila, Philippine Islands.

The petition is dismissed.